STATE *ex rel.* JOHNSON *v.* MAINARD, CHIEF OF POLICE, *et al.*

(*Jackson*, April Term, 1949.)

Opinion filed June 10, 1949.

MARTIN EXUM, Jackson, HENRY ETHERIDGE, JR., Jackson, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This appeal is from the judgment of the circuit judge of Madison County, dismissing the petition for *habeas corpus* filed by relator Johnson against respondent, Robert Mainard, Chief of Police of the City of Jackson, to test the validity of a warrant for his extradition to Cook County, Illinois, on a criminal charge generally known as a confidence game, committed on September 17, 1947. The petition seeks to avoid extradition on the ground that relator was not in Illinois on or about that date.

In support of his contention, relator undertook to prove that he was not in Illinois on said date. He testified that he was in Jackson during the week beginning September 17, 1947; that this was the week the Negro Fair was being held in Jackson; that he attended the Fair every night, and upon one occasion he talked to Captain Cole of the Jackson Police Department.

The witness Jones, a white auto repair man, testified that from his records relator brought his car to his repair shop on September 19, and that he had come to his shop occasionally before that time. The witness Cox, who works for Jones, also testified that relator came to the shop several times to see about his car. The witness Granberry testified that he worked for a drugstore as a delivery boy and he saw relator when he delivered some medicine to his home on September 18, fixing the date by the fact that it was his birthday. The witness

Turner, who was running "penny pitch for a fellow by the name of Bozo," testified that she saw relator every night during Fair week. The witness Glass testified that he went to the Fair on the nights of September 16, 17 and 18, and that he saw relator there on each of these nights. The witness Lanier testified that he had a heart attack at the Fair on Wednesday night, September 17, and the relator helped him to get a ride home. The witness Williamson testified that she saw relator at the Fair on Wednesday afternoon and night, fixing the date by the fact that it was "Children's Day." Relator's sister, Lily Johnson, testified that he was at the home of their mother during the month of September, and the witnesses Theus and Rice testified that they saw relator at night at the Fair.

The State introduced respondent, Robert Mainard, who testified that he went all over the fairgrounds on Wednesday night, as well as Thursday and Friday nights, and that he did not see relator; that he and his officers had orders to pick up relator on sight, and had he seen him (relator) he would have arrested him. Captain Cole, with whom relator claimed to have talked in the presence of Chief Mainard, testified that he was covering the Negro Fair and was there every night and he did not see relator there; that he was on the lookout for relator and would have arrested him had he seen him. Sergeant Marcum testified that he worked four nights at the fairgrounds during the week of the Fair and did not see relator and would have arrested him had he seen him.

"The issuance of the warrant of extradition by the chief executive of this state creates a *prima facie* case that the petitioner was lawfully charged with a crime in the demanding state and that he was a fugitive from

justice thereof. [*People of State of*] *Illinois ex rel. McNichols* v. *Pease*, 207 U. S. 100, 28 S. Ct. 58, 52 L. Ed. 121." *State ex rel. Van Scoyoc* v. *State*, 171 Tenn. 357, 360, 103 S. W. (2d) 26, 27; *State ex rel.* v. *Grosch*, 177 Tenn. 619, 623, 152 S. W. (2d) 239.

"We have further held that in order to warrant his discharge from custody, the proof must clearly and satisfactorily show that the prisoner is not a fugitive from justice. *State ex rel.* v. *Foster*, 160 Tenn. 285, 23 S. W. (2d) 660, 24 S. W. (2d) 897.

"It is not necessary that the evidence show absolutely that the party charged with the crime be present in the demanding state at the exact moment at which the crime is shown to have been committed. It is sufficient that the evidence show that such party was in the demanding state on or about the time alleged. *Strassheim* v. *Daily*, 221 U. S. 280, 31 S. Ct. 558, 55 L. Ed. 735; *Hogan* v. *O'Neill*, 255 U. S. 52, 41 S. Ct. 222, 65 L. Ed. 497; *Ex parte Germain*, 258 Mass. 289, 155 N. E. 12, 51 A. L. R. 789.

"In *Ex parte Germain, supra,* proof that the party charged with the crime was in the demanding state at a date four days from that alleged as that of the crime was held sufficient to warrant his extradition as a fugitive from justice.

"In the present case, the issuance by the governor of this state of the warrant made a *prima facie* case of the presence of the relator in the State of Louisiana at the time alleged in the indictment." *State ex rel.* v. *Grosch*, 177 Tenn. 619, 623-624, 152 S. W. (2d) 239, 241.

In such cases as the one before us, this Court cannot overlook the fact that the trial judge saw the witnesses and heard them testify, and great deference must be paid to his decision of their credibility. Then, too, the

issuance of the rendition warrant makes out a *prima facie* case against relator, and in the affidavit attached thereto is the statement that he was in the demanding state on or about such date. It is true that relator introduced a number of witnesses, but after all, the trial judge believed the witnesses for respondent rather than those for relator. Witnesses may be easily mistaken about dates, and Chicago is only an overnight trip from Jackson. When relator is put on trial in Chicago, he may still have the opportunity of having witnesses testify in his behalf as to his presence in Jackson on the date in question.

We find no error in the judgment of the lower court and it is affirmed.

All concur.