STATE OF TENNESSEE ex rel. GEORGE E. DYCH

*v.*

LYNN BOMAR, Warden, Tennessee State Penitentiary.

378 S. W. 2d 772

(*Nashville,* December Term, 1963.)

Opinion filed May 8, 1964.

JOHN C. TUNE, JR., Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, DOUGLAS M. FISHER, Special Counsel, for the state.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

The appellant, Dych, has appealed from an order of the trial court disallowing his petition for a writ of habeas corpus. By his petition, he challenged the legality of his restraint under a February, 1962, conviction for fraudulent breach of trust. As a result of this 1962 con-

viction, the appellant was sentenced to three years' imprisonment, which sentence he is presently serving in the State penitentiary.

The appellant asserts that his restraint is illegal, (1) because he was denied his statutory right of appeal (sec. 40-3401, T.C.A.), and (2) because he was denied the assistance of court-appointed counsel in perfecting same. He contends that this is in violation of rights guaranteed to him by the Fourteenth Amendment to the Federal Constitution. At this point, it should be pointed out that it is uncontroverted, under the record before us, that the appellant was indigent at the conclusion of his 1962 trial, even though he was represented by retained counsel at his trial.

At the hearing below, the appellant testified that although no appeal was perfected from his 1962 conviction, he desired appellate review and was under the impression that his retained counsel was perfecting an appeal in his behalf. This impression, he testified, was generated by statements made in the courtroom at the conclusion of his trial. As extrinsic evidence of the fact that an appeal was supposed to have been perfected, he cites the fact that he was sent to the Davidson County workhouse immediately following his 1962 conviction to serve another and prior sentence of eleven (11) months and twenty-nine (29) days. He testified that the serving of the workhouse sentence first was contrary to the procedure generally followed in the Davidson County Criminal Court when a defendant has both a penitentiary and workhouse sentence to serve; but that in his case, it was decided that he would serve the workhouse sentence first because an appeal was being perfected from his penitentiary sentence. The appellant further testified

that he did not learn his case had not been appealed until approximately forty (40) days after his conviction, which, of course, was too late to perfect an appeal in the nature of a writ of error.

The only other witness for the appellant was William Howard, a Davidson County attorney. Howard testified that the appellant appeared to be surprised when he learned, some forty (40) days after his 1962 conviction, that his retained trial counsel, Charles Frazier, was no longer representing him. The only witness for the defendant, Bomar, was Frazier who testified that he told the appellant at the conclusion of the latter's trial "that (he) would not appeal the case without a fee." Frazier admitted, on cross-examination, that he did not inform the appellant in writing that he no longer represented him.

At the conclusion of all the proof, the trial court disallowed the appellant's petition. Although the trial judge did not indicate his reason for disallowing the petition, he apparently accepted and based his decision on the testimony of Frazier. The trial judge observed and heard all of the witnesses; he chose to believe the witness for the defendant. We cannot hold, on the record before us, that the evidence preponderates against his finding. *State ex rel. Johnson v. Mainard,* 188 Tenn. 501, 221 S.W.2d 531 (1949). Thus, assuming, as we must under this record that the appellant's retained counsel told him that he would not appeal his case without an additional fee, was the appellant entitled to the issuance of the writ?

Appellant relies on the United States Supreme Court case of *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In Douglas, it was held that when

a state grants an appeal, as a matter of right, from a criminal conviction, it cannot constitutionally deny the assistance of court-appointed counsel to an indigent on such an appeal. In the Douglas case, the record before the Court showed that the petitioners had requested and were denied the assistance of counsel on appeal even though it plainly appeared that they were indigent. The Court held that this refusal to appoint counsel amounted to an ''invidious'' discrimination prohibited by the Fourteenth Amendment. In so holding, the Court relied, in part, on its earlier holding in *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). In Griffin, the Court had pointed out that the Federal Constitution did not require a state to provide appellate review; but that if such review was provided, it could not be administered ''in a way that discriminates against some convicted defendants on account of their poverty.''

In Douglas, the petitioners had requested the court to appoint counsel to assist them in perfecting an appeal. There was no such request in the instant case, nor is there any evidence in this record that the trial court otherwise knew that the appellant wanted to appeal his case, but did not have sufficient funds to retain an attorney for that purpose. We do not think that the principle laid down in the Griffin and Douglas cases applies where the defendant is told by his retained counsel that he is not going to appeal his case, and the defendant makes no attempt to communicate to the trial court his desire to have his case appealed and his desire to have counsel appointed to assist him. In our opinion the defendant must assume the initiative. In this we are supported by the decision of the Supreme Court of Kentucky in the

case of *McIntosh v. Commonwealth,* 368 S.W.2d 331 (1963), wherein the court said:

" 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not * * * oblige the court either to initiate an inquiry or to extend an invitation to appeal."

Support for our holding is also found in the federal case of *Horton v. Bomar* (D.C.M.D.Tenn. Jan. 23, 1964) wherein Judge William E. Miller had before him a factual situation almost identical to the one now before us. In denying Horton's petition, Judge Miller said:

"Where a defendant appears in court represented by competent, retained counsel the trial judge may reasonably assume that the rights of the defendant will be protected. The trial judge is not obliged to inquire into the continuing status of their relationship. At the very least petitioner should have made some effort to communicate to the trial judge the information that he wished to appeal but was unable to hire an attorney to assist him."

■ In our opinion, the right of an indigent to the assistance of court-appointed counsel on appeal must be invoked; or it must appear that the court otherwise knew of the defendant's desire to appeal and knew of his inability, because of indigency, to retain counsel to assist him. We think that this is the clear teaching of Douglas, Griffin and the other cases cited herein.

■ We have heretofore held that the evidence does not preponderate against the trial court's finding that appellant's retained counsel informed him that he would not appeal his case unless he received an additional fee.

We note in passing, however, that even if the facts were as the appellant states them to be, it is questionable whether the relief sought was required under the holding of the Griffin and Douglas cases. See *United States ex rel. Boyance v. Commonwealth of Pa.,* D. C., 219 F.Supp. 12 (1963), wherein the court said:

"Petitioner here had privately employed counsel to represent him in the Superior Court. * * * Although indigency of the petitioner may have been the *occasion* for his counsel's withdrawal, the failure of his counsel to note his withdrawal or to transmit notice of the Superior Court's decision to the petitioner, if they occurred, were acts of neglect or default which are not peculiar to an indigent client. This is private conduct between the lawyer and client and is not State action."

See also in this regard the case of *Wampler v. Warden,* 231 Md. 639, 191 A.2d 594, at 601 (1963).

■ Appellant's reliance on the holding of the Federal District Court for the Middle District of Tennessee in the cases of *Coffman v. Bomar,* 220 F.Supp. 343 (1963), and *Miller v. Bomar,* (Nov. 12, 1963) is without merit. In both of these cases, Judge Miller found that action on the part of state officials or state agents had deprived the petitioners of their right of appeal. There is no such "state action" in the instant case. Thus even if we would hold (which we cannot) that the appellant's retained counsel led him to believe that his case was being appealed, still there would be no deprivation by "state agents" of the appellant's right of appeal. It must be remembered that the Fourteenth Amendment is directed at state action and not at the action of private individuals.

We have carefully considered the authorities cited by the appellant. We are satisfied that none of them support his contention.

The judgment of the trial court is affirmed.