STATE OF TENNESSEE ex rel. WILLIAM JOE JOHNSON,
Plaintiff in Error,

*v.*

HENRY M. HEER, Warden, Defendant in Error.

412 S.W.2d 218.

(*Nashville,* December Term, 1965.)

Opinion filed October 7, 1966.

GAIL P. PIGG, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General and DOUGLAS M. FISHER, Special Counsel, Nashville, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

On June 17, 1965, plaintiff in error, William Joe Johnson, filed a petition for writ of habeas corpus in the Circuit Court of Davidson County, Tennessee. This petition for writ of habeas corpus alleged that in his prior trial in the Criminal Court of Montgomery County, Tennessee, for the crime of rape, certain of petitioner's constitutional rights were violated. At that trial, he was convicted and sentenced to life imprisonment. An evidentiary hearing on the petition for habeas corpus was had in the Davidson County Circuit Court and, after such hearing, the trial court dismissed the petition for writ of habeas corpus, saying:

"Petitioner's tenth contention is that he was denied the right of his appeal because his lawyers failed to advise him of such right. He also complains that the court should have so advised him. It appears, and the court finds, that petitioner's counsel gave notice of a motion

for new trial and then studied the case and agreed among themselves that they could find no error of which to complain either in such a motion or on appeal. Their best judgment was at the time there was no appealable error. These were not only lawyers selected by petitioner rather than court appointed but were all excellent lawyers, especially in the field of civil rights. The failure to appeal was an intelligent choice made by intelligent lawyers well informed at the time. There was no state action involved in this decision and petitioner lost no rights because of it.''

Appeal has been timely perfected to this Court. The following is assigned as error:

"1. The trial court erred in its finding that failure of Petitioner's counsel to appeal was not prejudicial to Petitioner.

2. The trial court erred in its finding that failure of Petitioner's counsel to advise Petitioner of his right of appeal was not prejudicial to Petitioner.''

█ It is undisputed that plaintiff in error's able and privately retained counsel did not perfect an appeal in the prior criminal trial; also, that plaintiff in error was not advised by his counsel of his right to an appeal, nor consulted in the decision not to appeal. This case is determined in principle by the opinion of this Court in the case of *State ex rel. Dych v. Bomar* (1964) 213 Tenn. 699, 378 S.W.2d 772. In that case it is pointed out that, in order for the defendant's rights under the Fourteenth Amendment to come into play, there must be some action on the part of the State that deprives him of due process of law and/or equal protection of the law. When a defendant is represented by privately retained counsel, no such

State action is present, and the failure of the privately retained counsel to perfect an appeal on behalf of the defendant is attributable, not to the State, but to the defendant.

Since plaintiff in error was represented by privately retained counsel (three well-known attorneys), their decision not to appeal plaintiff in error's case and their failure to advise him of the same and to consult him, in no way constitutes state action. It inescapably follows, as in the case of *State ex rel. Dych v. Bomar,* supra, there is no state action in the instant case. It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See *Davis v. Bomar* (C.C.A.6th 1965) 344 F.2d 84, wherein it is said:

"When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel."

This Court concludes that the trial court properly dismissed plaintiff in error's petition for writ of habeas corpus. The judgment of the trial court is affirmed, with costs of this appeal assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, DYER and CHATTIN, JUSTICES, and HARBISON, SPECIAL JUSTICE, concur.