## STATE OF TENNESSEE ex rel. JAMES EDWARD JENNINGS, Plaintiff in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

Court of Criminal Appeals of Tennessee. May 5, 1969.

Certiorari Denied by Supreme Court Aug. 4, 1969.

Thomas A. Harris, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen. of Tenn., Lance D. Evans, Asst. Atty. Gen., Nashville, Jerry Foster, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

The plaintiff in error and defendant below, James Edward Jennings, an inmate of the State Penitentiary where he is serving consecutive sentences totaling twenty-three years (two ten-year sentences for armed robbery and one three-year sentence for attempt to commit a felony), appeals to this Court from the judgment of the Criminal Court of Hamilton County dismissing his petition for a writ of habeas corpus after an evidentiary hearing.

This case involves only the robbery of a grocery store known as "Don's Food Basket."

In material substance the petitioner's Assignments of Error in this Court are to the effect that the trial court erred in holding (1) that he was represented by retained counsel in his original trial, and (2) that he was re-

sponsible for the in-action and non-advocacy of his trial counsel.

In his petition the petitioner says that in his original trial he was represented by appointed counsel who failed to take appropriate steps to obtain a transcript of the trial, or any other necessary steps to preserve the petitioner's right of appeal, and refused to appeal his conviction; and that he "feels that he did not waive his right of appellate review by his failure to inform the trial judge of his intention to appeal."

Upon consideration of all the testimony introduced upon the hearing of this petition, the trial court found as a fact that the petitioner was represented in his trial by retained counsel, albeit upon a credit or deferred payment basis; that the same attorney also represented the petitioner's codefendants as retained counsel and personally hired and paid a court reporter to record the trial proceedings; and that money to pay for a transcript of the record was never advanced by the petitioner or his co-defendants; and "that never was there brought before this Court by Jennings or by Mr. Sneed [petitioner's trial counsel] a question that Mr. Jennings, because of his poverty, wished to be declared an indigent and wished, because of that, to have him given any other considerations that he might be deprived of, because of his indigency."

■ ■ In a habeas corpus proceeding the finding of the trial court is conclusive against the petitioner upon the questions of fact unless we are able to find that the evidence preponderates against the judgment of that court. State ex rel. Johnson v. Mainard, 188 Tenn. 501,

221 S.W.2d 531; State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772; State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. George v. Johnson, 217 Tenn. 1, 394 S.W.2d 641. The evidence abundantly sustains the trial judge's finding that at his original trial the petitioner was represented by retained counsel.

The law is well settled that when a defendant is represented by privately retained counsel, no "State action" is involved, and the actions and non-action of such private counsel are imputed to the defendant and not to the State. State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218. "It must be remembered that the Fourteenth Amendment is directed at state action and not at the action of private individuals." State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772. In State ex rel. Johnson v. Heer, supra, the Court said:

"Since plaintiff in error was represented by privately retained counsel (three well-known attorneys), their decision not to appeal plaintiff in error's case and their failure to advise him of the same and to consult him, in no way constitutes state action. It inescapably follows, as in the case of State ex rel. Dych v. Bomar, supra, there is no state action in the instant case. It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See Davis v. Bomar (C.C.A. 6th 1965) 344 F.2d 84, wherein it is said:

'When counsel is retained by a defendant to rep-

resent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel.' "

■ It follows that the Assignments of Error are untenable and must be overruled. The judgment of the trial court is affirmed.

GALBREATH, J., did not participate in this case.

WALKER, P. J., concurs.