# PARSON SIMS, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Sept. 4, 1969.

Rehearing Denied Oct. 9, 1969.

Certiorari Denied by Supreme Court Dec. 1, 1969.

624

Robert W. Summar, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

Parson Sims, Jr., the plaintiff in error and defendant below, was and is represented by privately retained counsel. When this case was before the Court on direct appeal from a conviction of unlawfully selling whiskey and a penitentiary sentence of not less than one nor more than two years, we adhered to the settled law and held that the Bill of Exceptions filed after expiration of the time prescribed by TCA § 27-111 could not be considered; and, finding no error in the technical record, the trial court's judgment was affirmed. Thereafter, pursuant to the Post-Conviction Procedure Act (TCA § 40-3820), the defendant filed a petition in the trial court seeking a delayed appeal in order to obtain appellate review of his conviction upon the merits of the case. The trial court sustained that petition, granted the defendant a delayed appeal in the nature of a writ of error to this Court, recertified and re-authenticated the original trial tran-

script as a delayed Bill of Exceptions, and thus the case is again before us.

From the technical record before us on the direct appeal, as reflected in our opinion at that time, the defendant's motion for a new trial was overruled on January 29, 1968, and he was granted an appeal in the nature of a writ of error to this Court, and was allowed the statutory maximum of 90 days within which to prepare and file his Bill of Exceptions. (TCA § 27-111).

*On May 24, 1968,* 26 days after expiration of the time for filing his Bill of Exceptions, the defendant's retained counsel filed a motion in the trial court reciting (1) that the 90 days allowed for perfecting his appeal had expired, (2) that the court reporter had failed to prepare the trial transcript within the time allowed, and moving the court to grant him a delayed appeal under our Post-Conviction Procedure Act (TCA § 40-3820).

There is nothing in this record to show that the defendant's retained counsel took any action to secure the trial transcript from the official court reporter until after the maximum time allowed by law for filing the Bill of Exceptions had expired, nor that this attorney ever notified the official court reporter to prepare the transcript as a Bill of Exceptions. Thus the record does not show, and there is no way of knowing, that there is any basis whatsoever for holding that the defendant was denied his right of appellate review by the action or non-action of State agencies, viz., the State's official court reporter. Clearly, upon this record, the defendant being non-indigent and represented by privately retained counsel, no State-action is involved in this case. Our Supreme

Court considered the acts and conduct of retained counsel in criminal cases in State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218:

> "Since plaintiff in error was represented by privately retained counsel (three well-known attorneys), their decision not to appeal plaintiff in error's case and their failure to advise him of the same and to consult him, in no way constitutes state action. It inescapably follows, as in the case of State ex rel. Dych v. Bomar [213 Tenn. 699, 378 S.W.2d 772], supra, there is no state action in the instant case. It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See Davis v. Bomar (C.C.A.6th 1965) 344 F.2d 84, wherein it is said:
>
>> 'When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his

lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel.' "

In a recent unpublished opinion disposing of nine cases, filed May 7, 1969, which has become known as James V. Jamison et al. v. State of Tennessee, our Supreme Court reiterated the rule of law that has prevailed in this State for more than a hundred years that a Bill of Exceptions not filed within the statutory time is a nullity and cannot be considered for any purpose by the appellate courts, and that in such circumstances the Court cannot review anything except the technical record. In another opinion filed July 7, 1969, denying the State's petition to rehear in the same cases, the Court adhered to those views, acknowledged error in considering a late Bill of Exceptions in Collins v. State, 220 Tenn. 23, 413 S.W.2d 683, and also held that the delayed appeal provision of the Post-Conviction Procedure Act (TCA § 40-3820) is inapplicable and unavailable as a means of obtaining appellate review on the merits when the Bill of Exceptions is not seasonably filed "because the act is not available to a defendant until he has been legally convicted and has exhausted all usual methods of appellate review."

■ The order of the trial court granting the defendant a delayed appeal was unauthorized and wholly ineffective to validate a Bill of Exceptions invalid and a nullity because it was not signed and filed within the time required by law.

Limiting our review of this case to the technical record,

as we must, and finding no error therein after a careful examination, the judgment of the trial court is affirmed.

HYDER and MITCHELL, JJ., concur.

## ON PETITION TO REHEAR

The defendant has filed a courteous petition to rehear in which he says (1) that when his retained counsel filed a motion in the trial court for a delayed appeal on May 24, 1968 counsel attached thereto an affidavit reciting that, prior to expiration of the statutory maximum of 90 days allowed for filing his Bill of Exceptions, the official State court reporter was contacted about obtaining it, and (2) that when he filed his petition for a delayed appeal after this Court's initial affirmance of the judgment below, the District Attorney General filed an answer admitting that the defendant was denied an appellate review on the merits of his case by the failure of the official court reporter "to properly and timely perform the duties for which he was appointed and paid," without any fault of the defendant or his counsel.

As pointed out specifically in our original opinion, as well as in this petition to rehear, it was not until long after expiration of the maximum permissible time allowed for filing the Bill of Exceptions that defense counsel filed the motion of May 24, 1968 calling the court's attention to the fact that the official court reporter had failed to prepare the transcript within the time allowed. It was then too late. This presiding fact and its consequences are inescapable.

The record in this case does not show any action by retained counsel to secure the trial transcript from the

official court reporter until after the time for filing the Bill of Exceptions had expired. There is no showing in this record that at any time during the 90 days allowed for filing the Bill of Exceptions defense counsel appealed to the trial court for an order directing the official court reporter to prepare the trial transcript as a Bill of Exceptions, notwithstanding such reporters are subject to the supervision of the appointing judge in the performance of their duties, including dealings with parties requesting transcripts. TCA § 40-2038. No claim to the contrary is asserted in the petition for post-conviction relief, which initiated this case, or elsewhere in this record, by affidavit or otherwise.

A petition to rehear which points out no matter of law or fact overlooked by the Court, and only seeks to reargue matters which counsel insists were improperly decided, presents no ground for a rehearing. The office of a petition to rehear is to bring to the attention of the Court matters of law or fact improvidently overlooked, not matters which counsel supposes were decided incorrectly. City of Paris v. Paris-Henry County Public Utility District, 207 Tenn. 388, 340 S.W.2d 885; Flippen v. State, 211 Tenn. 507, 365 S.W.2d 895; Rule 32, Rules of Supreme Court of Tennessee.

This petition must be denied.

HYDER and MITCHELL, JJ., concur.