JAMES FREDERICK JONES, Plaintiff in Error, v.
STATE OF TENNESSEE, Defendant in Error.

## 452 S.W.2d 361.

Court of Criminal Appeals of Tennessee. Dec. 22, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

See also 452 S.W.2d 365.

Robert Lyn Baker, Nashville, for plaintiff in error.

George F. McCanless, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Harry C. Templeton, Dist. Atty. Gen., Winchester, for defendant in error.

## OPINION

OLIVER, Judge.

James Frederick Jones, the petitioner below, now indigent and represented here by court-appointed counsel, an inmate of the State Penitentiary where he is serving an indeterminate three to five-year grand larceny sentence for automobile theft adjudged by the Circuit Court of Marion County on February 21, 1968, appeals to this Court from the judgment of that court dismissing

his habeas corpus petition filed under the Post-Conviction Procedure Act (T.C.A. §§ 40-3801—40-3824) without an evidentiary hearing or appointment of counsel.

This petition was filed on June 3, 1968. It alleges, and the record shows, that immediately after the jury returned its verdict and the court pronounced judgment sentencing the petitioner, and on the same day, the court committed him to the penitentiary and ordered him transferred thereto and denied him bail "pending the application for a new trial and/or appeal." The trial judge predicated this action upon T.C.A. § 40-3108, reciting in the order as the basis therefor the petitioner's (1) "this day" conviction and sentence above mentioned, (2) a previous Warren County concealing-stolen-property conviction and three to eight-year penitentiary sentence therefor then on appeal to this Court, (3) a pending felony indictment against him in Grundy County, and (4) the insufficiency of the Marion County Jail. T.C.A. § 40-3108 provides as follows:

> "Order of immediate removal to prison,—In counties where, because of the insufficiency of the county jail, or for any other cause, the court may be of opinion that the safekeeping of the convicts may require it, the court may order the immediate removal of convicts to the penitentiary or to the nearest branch prison, at the cost of the state, before the expiration of the time allowed to remove such convicts."

The trial court's judgment upon the verdict of the jury also provided: "Upon motion, defendant is allowed 30 days within which to file motion for a new trial, pend-

ing which defendant is, for reasons announced by the Court, denied bail."

The record shows that Jones' motion for a new trial was duly and seasonably filed on March 18, 1968. It also shows, both in the order dismissing the petitioner's habeas corpus petition and in the order granting him an appeal to this Court from that judgment of dismissal, that this motion for a new trial has not been acted upon and is still pending before that court. The order dismissing the habeas corpus petition states that hearing upon the motion for a new trial was continued at the request of the petitioner's attorney.

There is nothing in this record to indicate that at the time of his trial the petitioner was indigent and represented by court-appointed counsel.

The material substance of the petitioner's position, asserted throughout his petition, is that the trial court, motivated by personal malice and ill-will and prejudice toward the petitioner, unconstitutionally deprived him of his right to bail pending disposition of his motion for a new trial and appeal, and denied him his right of appellate review of his conviction.

With respect to the petitioner's acrimonious and bitter accusations and denunciations impugning the honesty and integrity and fairness of the trial judge, it is well and sufficient to call attention to the established legal principle that unsupported conclusory allegations in a habeas corpus or post-conviction petition do not justify or require an evidentiary hearing. Reams v. Davis, 333 F.2d 430 (6th Cir. 1964).

Remembering that the petitioner chose and re-

tained his own trial counsel, his insistence that the trial court deprived him of his right of appellate review is based upon a misconception. He does not charge, and the record does not suggest, that the trial judge interfered with or in anywise frustrated any effort made by the petitioner's counsel to obtain a hearing upon the new trial motion or to seek appellate review of his conviction. As stated, the record shows that the hearing upon the petitioner's new trial motion was postponed at the request of his counsel. No State-action was involved here. The applicable law is stated in State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218:

"It is undisputed that plaintiff in error's able and privately retained counsel did not perfect an appeal in the prior criminal trial; also, that plaintiff in error was not advised by his counsel of his right to an appeal, nor consulted in the decision not to appeal. This case is determined in principle by the opinion of this Court in the case of State ex rel. Dych v. Bomar (1964) 213 Tenn. 699, 378 S.W.2d 772. In that case it is pointed out that, in order for the defendant's rights under the Fourteenth Amendment to come into play, there must be some action on the part of the State that deprives him of due process of law and/or equal protection of the law. When a defendant is represented by privately retained counsel, no such State action is present, and the failure of the privately retained counsel to perfect an appeal on behalf of the defendant is attributable, not to the State, but to the defendant.

"Since plaintiff in error was represented by privately retained counsel (three well-known attorneys), their

decision not to appeal plaintiff in error's case and their failure to advise him of the same and to consult him, in no way constitutes state action. It inescapably follows, as in the case of State ex rel. Dych v. Bomar, supra, there is no state action in the instant case. It is recognized by all Courts that such is essential to the successful invocation of defendant's rights under the Fourteenth Amendment to the United States Constitution. The Federal Courts are not in disagreement. See Davis v. Bomar (C.C.A. 6th 1965) 344 F.2d 84, wherein it is said:

> " 'When counsel is retained by a defendant to represent him in a criminal case he acts in no sense as an officer of the state. For while he is an officer of the court his allegiance is to his client whose interests are ordinarily diametrically opposed to those of the state. It necessarily follows that any lack of skill or incompetency of counsel must in these circumstances be imputed to the defendant who employed him rather than to the state, the acts of counsel thus becoming those of his client and as such so recognized and accepted by the court unless the defendant repudiates them by making known to the court at the time his objection to or lack of concurrence in them. A defendant cannot seemingly acquiesce in his counsel's defense of him or his lack of it and, after the trial has resulted adversely, have the judgment set aside because of the alleged incompetence, negligence or lack of skill of that counsel.' "

Equally baseless is the petitioner's contention that the trial court wrongfully denied him bail pending disposition of his new trial motion and appeal. In the

first place, the court's refusal to admit the petitioner to bail did not and could not in any way deny or impair his right through his counsel to insist upon a hearing of his new trial motion, or his right of appeal. The accused's presence is not required at the hearing of his motion for a new trial, Percer v. State, 118 Tenn. 765, 775, 103 S.W. 780, nor in the appellate court when his case is there reviewed on appeal or writ of error. Vowell v. State, 132 Tenn. 349, 178 S.W. 768.

Moreover, T.C.A. § 40-3406 provides that in all felony cases it is discretionary with the trial judge as to whether or not he will allow bail pending appeal where the sentence imposed provides for confinement in the State Penitentiary; and that his action in denying bail pending appeal in such cases shall be reviewable by the proper appellate court upon a petition for the writ of certiorari, in which the record shall consist merely of the record of conviction, the order denying bail and the trial judge's reasons therefor. This is the sole remedy. In this State there is no other method or procedure for reviewing the trial judge's denial of bail pending appeal in such cases.

Habeas corpus and post-conviction proceedings may not be employed for that purpose, for obvious reasons. A convicted felon is not entitled to bail as a matter of right; *the constitutional right to bail is lost upon conviction.* Whether or not bail shall be allowed in such a case is a matter resting within the sound discretion of the trial judge. "The vital question in determining the matter of discretion should be the nature of the charge against the accused, and, following conviction, whether or not it would be safe for him to be at large. The right of a

convicted felon to bail is subordinate to the public peace and the wellbeing of society." Goins et al. v. State, 192 Tenn. 32, 237 S.W.2d 8.

■ Albeit the petitioner has not properly presented the matter of the trial court's denial of bail after his conviction, since no deprivation of a constitutional right affecting the validity of his conviction reviewable by habeas corpus or post-conviction relief proceedings is here involved, we have, nevertheless, carefully scrutinized this record to determine if the trial judge abused his discretion in refusing bail. The common-law power of the court to grant bail to convicted felons must, in the public interest, always be exercised with great caution. Goins et al. v. State, supra. Upon careful consideration of the record before us, including the reasons given by the trial judge in denying bail, it cannot be said that he abused his discretion.

The Assignments of Error are overruled and the judgment of the trial court is affirmed.

This case was heard and submitted to the Court prior to enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

WALKER, P. J., and GALBREATH, J., concur.