# ALBERT PHILLIPS, Appellant, v. STATE OF TENNESSEE, Appellee.

## 458 S.W.2d 642.

Court of Criminal Appeals of Tennessee. Feb. 11, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

Hugh W. Stanton, Jr., John P. Colton, Jr., Memphis, for appellant.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

Albert Phillips appeals from the dismissal without an evidentiary hearing of his petition for post-conviction relief. The petition sets out that in May, 1964, the defendant was convicted of rape and sentenced to ninety-nine years in the penitentiary. It states that he pled not guilty and was represented by employed counsel. The petition sets out that a prior habeas corpus petition had been heard and dismissed, and upon appeal to our Supreme Court the dismissal affirmed.

We may judicially notice the history of this case in more detail. State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451. The original conviction was affirmed by our Supreme Court in an unpublished opinion released December 11, 1964. The prior habeas corpus petition is the subject of a published Supreme Court opinion reported in State ex rel. Phillips v. Henderson, 220 Tenn. 701, 423 S.W.2d 489.

■ ■ The instant petition alleges, first that there was no evidence to support the verdict of the jury; and that the evidence preponderated against his guilt and in favor of his innocence. These allegations form no basis for a right to an evidentiary hearing. The weight or sufficiency of the evidence is not a proper subject of inquiry in a post-conviction proceeding. This is a proper subject for direct appeal. Such an appeal was taken in this

case and the sufficiency of the evidence adjudicated by our Supreme Court. This forecloses the question. T.C.A. § 40-3812. Post-conviction proceedings may not be used as a substitute for an appeal. Such a petition may not be employed to question or review or test the sufficiency of the evidence at the original trial. 39 C.J.S. Habeas Corpus § 39j, p. 518. Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. Nor may same be used to determine the question of guilt or innocence. State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; State ex rel. Dickens v. Bomar, 214 Tenn. 493, 381 S.W.2d 287.

Phillips next alleges that he was prejudiced by the systematic exclusion of women from the juries which indicted and tried him; and by the failure of his employed counsel to advise him of his right to have women upon the juries. To treat the second point first, the action or non-action of retained counsel is no ground for relief. State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772; State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218; Davis v. Bomar (C.C.A. 6th 1965), 344 F.2d 84. As for the alleged systematic exclusion of women from the Grand and petit juries to his alleged prejudice, there is serious doubt that he, not being a member of the allegedly excluded class, could be heard to complain, without an averment of specific, personal prejudice. Further, the exclusion of women from jury service in Tennessee has been partially statutory. However, we need not reach that question. We hold that his right to raise this question was waived when it was not raised upon the trial by motion or plea

in abatement prior to his pleading to the indictment. Discrimination in the unconstitutional composition of venires, where such discrimination has actually been found to exist in a forbidden form, has long been condemned in Tennessee. See Zanone v. State, 97 Tenn. 101, 36 S.W. 711. But it has consistently been held in Tennessee, since the earliest years of our history, that unless a defendant objects by motion or plea in abatement to the venire before he pleads to the indictment he cannot therefore avail himself of a claim that the venire was improperly composed. State v. Cole, 28 Tenn. 626; McTigue v. State, 63 Tenn. 313; Turner v. State, 89 Tenn. 547, 15 S.W. 838; Ellis v. State, 92 Tenn. 85, 20 S.W. 500. See also State ex rel. Lawrence v. Henderson, Tenn.Cr.App., 433 S.W.2d 96. We do not believe that one should be permitted to raise a question in a post-conviction proceeding that was waived by failure upon the trial, by design or otherwise, to timely raise it when our procedural law prescribes that it should be raised. To permit this type procedure would make a sham of the trial itself. When the constitutional right asserted was as well recognized at the time of the trial as now, and a procedure for asserting it was prescribed, failure to then assert the claimed right upon the trial waives it and prohibits its subsequent assertion in a post-conviction proceeding. A defendant should not be permitted to "save back his rights"; take his chance of acquittal by a jury, then attack that same jury post-conviction.

Phillips contends that his conviction is invalid because, he says, Negroes were systematically excluded from the Legislature which enacted the pertinent statutes.

This is no ground for post-conviction relief. State ex rel. Fralix v. Bomar, 214 Tenn. 516, 381 S.W.2d 297, held that an allegedly mal-apportioned Legislature would provide no predicate for relief by habeas corpus. The allegation here presents an even weaker basis for relief, since Legislative seats are won and lost by the elective process and there is no constitutional guarantee that a member of any particular ethnic or racial group will be elected. It is a matter of historic fact, of which we may take judicial notice, that at one time in the history of Tennessee a large percentage of our Legislature was composed of Negro citizens. The bare allegation here is further ineffective as a basis for relief in that it sets out no personal prejudice to the petitioner. It would be difficult to imagine how an individual could show personal unconstitutional prejudice from the passage of a statute prohibiting the crime of rape.

The Public Defender, representing Phillips on this appeal, contends that the petition should not have been dismissed without first bringing Phillips from the penitentiary to Memphis so that a conference could have been had and possible amendments drawn up. There is no merit to this assignment. When a post-conviction petition is complete and the alleged grounds for relief clearly set out, the law does not require that the petitioner be transported to the county of his crime to confer with appointed counsel about other possible grounds. To so hold would simply mean that every penitentiary prisoner would file a paper, however lacking in merit or substance, in order to get a trip away from the penitentiary. We find no such requirement in our Post-Conviction Procedure Act.

The Public Defender also assigns as error the failure of the State to attach to its responsive pleading any authority by means of which petitioner is detained, contending that this is required by the holding of our Supreme Court, in Ussery v. Avery, Tenn., 432 S.W.2d 656 (1968). This holding is not applicable for a number of reasons. First, *Ussery* dealt with a petition brought under our Habeas Corpus statutes, T.C.A. § 23-1801 et seq. This petition specifically sought relief under the Post-Conviction Procedure Act, T.C.A. § 40-3801 et seq. A petition so brought does not fall within the holding of *Ussery*. The requirements relative to the State's answer in a proceeding such as this are governed by T.C.A. § 40-3814. We would note that in this case T.C.A. § 40-3804 dealing with the prescribed contents of a post-conviction relief petition were not fully complied with. We hold that there was no mandatory requirement upon the State to comply with *Ussery* in this case, even if an answer had been procedurally called for. See Trolinger v. Russell, Tenn.Cr.App., 446 S.W.2d 538. The question of proper answer content was never reached in this case, because the petition was properly dismissed upon motion, under the authority of T.C.A. § 40-3809.

We affirm the judgment of the trial court in dismissing this petition without an evidentiary hearing.

HYDER and MITCHELL, JJ., concur.