JERRY W. EVANS et al., Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

466 S.W.2d 516.

Court of Criminal Appeals of Tennessee. Nov. 20, 1970.

Certiorari Denied by Supreme Court April 5, 1971.

Bill R. Martin and Howard F. Douglass, Lexington, for plaintiffs in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for defendant in error.

## OPINION

DWYER, Judge.

Jerry W. Evans, Bobby Lee Weatherford, J. W. Jones, Jr., and Jackie Rosson, from a conviction of concealing stolen property with resulting punishment of not less than nor more than three years, appeal the conviction imposed upon them in the Circuit Court of Decatur County. A fifth defendant, Clifford C. Wheat, pending appeal, requested dismissal, which was by order granted.

The defendants were convicted by a jury on February 26, 1969; the trial court heard motions for a new trial filed on March 26, 1969, which were submitted by privately-retained counsel. On April 11, 1969, the motions were heard and overruled with the court granting ninety days in which to file the bill of exceptions and perfect their appeal. The time therefore allowed expired on July 10, 1969. No bill of exceptions was filed. On July 11, 1969, a motion was submitted by new privately-retained counsel requesting an extension of time in which to file the bill of exceptions. The trial court allowed a hearing on August 23, 1969, upon the motion by privately-retained counsel to extend the time allowed for filing

the bill of exceptions. The trial court properly entered an order denying defendants' request and sustaining the State's motion to strike the motion of defendants for the trial court to extend the time for the filing of the bill of exceptions. See Thomas v. State, 206 Tenn. 633, 337 S.W.2d 1. It appears at this hearing that defendants were represented by privately-retained counsel at the trial. It further appears that counsel so employed filed motions for new trials and argued same on behalf of the defendants; that the defendants were aware that the trial court overruled their motions allowing ninety days in which to perfect their appeal. No action was taken by counsel or the defendants until July 8, 1969, three days before the expiration of the allotted ninety days. It appears that the court reporter was contacted on July 8, 1969, for the purpose of finding out if the bill of exceptions had been typed. It was also developed she had informed trial counsel how much her fee would be and had written him a letter on April 22, 1969, requesting her fee and received no reply from counsel. At this hearing the trial court allowed on motion presently-retained counsel to represent the defendants. It appears they have made a diligent effort on behalf of the accused even though they related that when they were employed it was too late for them to get the bill of exceptions prepared. There is an absolute void in this record as to why privately-retained counsel at the *trial* did not perfect the appeal of the defendants. There is and has been no showing or finding of indigency in regards to the defendants. They were at this hearing represented by privately-retained counsel. The attorney general in his reply brief calls to our attention Chapter 475 of the Public Acts of 1970; that the court may upon "good cause"

shown order the bill of exceptions to be filed and the case considered on its merits. We will treat the hearing held as a motion to invoke Chapter 475 of the Public Acts of 1970.

■  A late bill of exceptions is a nullity and cannot be considered for any purpose. See James V. Jamison et al. v. State, an unpublished opinion of our Supreme Court filed May 7, 1969; petition to rehear overruled on July   7, 1969.

■ ■  The defendants reason that the court reporter and the trial court were under a duty to protect defendants' right to appeal; that their failure to do so denied the defendants due process of law. Their contentions are premised on the fact that these defendants, because they are not indigents, are discriminated against because, as a matter of law, they are precluded from invoking "State action" and are thereby denied their right to appeal. In order for us to determine "good cause" as required by Chapter 475 of the Public Acts of 1970 we will look to the facts. The defendants under oath testified they were aware that they had ninety days in which to appeal when their motions for a new trial were overruled. They further testified under oath they had paid trial counsel and that they had seen him on various occasions during the interim. They waited until three days before the expiration of the time to inquire about their appeal. As aforestated there is no testimony or reason for paid trial counsel not to have perfected their appeal. The defendants had employed and paid trial counsel. His acts by settled law are not imputable to the State. See State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218.

The Due Process Clause of the Fourteenth Amendment is directed at State action and not acts of individuals.

In Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), speaking of appellate review it teaches in substance that when a State provides appellate review it can not be administered "* * * in a way that discriminates against some convicted defendants on account of their poverty." In substance, appellate review, if provided by statute, then the indigent's right to appeal must not be denied because of his poverty. This teaching is an effort by the United States Supreme Court to make the system equal to all and not to perform the impossible task of making all individuals equal. We have no such situation of any denial because of poverty in this record. We hold that defendants' privately-retained (trial) counsel's acts or non-acts are not imputable to the State. We further hold that defendants in waiting eighty-seven days or better before acting or inquiring of their status, acquiesced in the conduct or lack of conduct of employed counsel, which negligence is not imputable to the State. It is settled law that the onus is on the *indigent* to make known to the court he desires to appeal or of his inability to hire counsel because of his indigency. See State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772. Would it not seem logical and reasonable that as much burden should be placed on defendants who are not indigent.

We further hold that "good cause" as required to be shown by Chapter 475 of the Public Acts of 1970 is not to be found in this record. Its invocation is thereby denied. In the absence of the bill of exceptions it is our duty to examine the technical record filed in this cause

for error as required by T.C.A. § 40-3409. Having done so and finding no such error the judgment imposed by the trial court is affirmed.

WALKER, P. J., and RUSSELL, J., concur.