**J. W. GROSS, Appellee,**

v.

**W. S. NEIL, Warden, Appellant.**

Supreme Court of Tennessee.

Aug. 7, 1972.

Burkett C. McInturff, Kingsport, Jack Vaughan, Johnson City, for appellee.

David M. Pack, Atty. Gen., State of Tennessee, Bart Durham, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Kingsport, for appellant.

OPINION

ERBY L. JENKINS, Special Judge.

The defendant, J. W. Gross, was convicted in the Sullivan County Criminal Court in 1959 of rape and incest. He was given sentences of ten and twenty-five years for raping two little girls and a third sentence of five to ten years for incest. He was represented by privately retained counsel.

Eleven years later he filed a petition for post-conviction relief by retained counsel attacking the 1959 convictions in the Criminal Court of Sullivan County, on the basis that his retained counsel failed to appeal these convictions to the Supreme Court of Tennessee, and thus his rights of appeal under the Constitution were denied.

The defendant below was given an extensive evidentiary hearing by Judge John K. Byers who, in an excellent memorandum opinion, found in part as follows:

"The Court finds from the evidence which has been introduced in this cause, that Mr. Gross was, in fact, advised by Mr. Burrow of his right to an appeal; that he discussed an appeal with Mr. Gross; that he advised Mr. Gross that he did not think that an appeal would be successful. The court finds that Mr. Gross was aware that he had the right to an appeal, and the court further finds from the testimony in this case, that Mr. Burrow did not fail to file the appeal because of lack of funds, because Mr. Burrow testified, and the Court finds that Mr. Burrow was prepared to file the appeal in the face of lack of funds, if Mr. Gross wished that he perfect his appeal. The Court finds that the element effecting the appeal, or waiver of the appeal, by Mr. Gross hinged mostly on the proposition that Mr. Gross was in jail, unable to make bond, and was, at that time, not receiving credit for time spent in jail. The Court finds that Mr. Gross acquiesced in this decision not to appeal the case. The Court further finds that although Mr. Gross was not brought back before the Trial Judge at that time to state that he did not wish an appeal, that under the law of this State, in 1959 there was no requirement that he be brought back before the Court. The Court finds that there was no determination of indigency in this case prior to trial, and, of course, there was none after conviction. The Court finds not from the evidence but from the law, that it is obvious to all, that the right to an appeal is a Constitutional right, which attaches with all persons, the indigent and the wealthy; the literate and the illiterate, and these rights must be protected for all purposes. However, the Court is of the opinion that this is a Constitutional right which may be waived, and that under the evidence which this Court has heard, the Court is of the opinion that there was a waiver of the right to an appeal, and that he has waived the Constitutional right to an appeal of the case at the time of conviction."

The Court of Criminal Appeals, in a split decision, reversed the trial court relying upon the Amendment to Tennessee Code Annotated § 27–111, allowing the validation of a late bill of exceptions.

 We have carefully reviewed this record and feel that the Court of Criminal Appeals was in error in invoking the above Statute. We find and hold that the defendant was, in his original trial, represented by privately retained counsel, who in the exercise of his discretion did not perfect an appeal in these cases, and that the defendant not only acquiesced but joined in the decision of his paid retained counsel not to perfect an appeal in these cases, and in so doing waived his right of appeal, and that the section relied on by the Court of Criminal Appeals does not apply in this case, for it is a well-settled principle of law that the failure of a defendant's retained counsel to perfect an appeal of his conviction is imputable to him alone and not to the State. State ex rel. Dych v. Bomar, 213 Tenn. 699, 378 S.W.2d 772; State ex rel. Johnson v. Heer, 219 Tenn. 604, 412 S.W.2d 218; State ex rel. Donehue v. Russell, 221 Tenn. 609, 429 S. W.2d 818.

We feel that the majority opinion of the Court of Criminal Appeals overlooks the fact that the defendant knowingly, willingly, and upon the advice of counsel and for good reason as indicated in the record, acquiesced in the decision not to appeal these sentences and that the Statute relied on with reference to the late appeal does not apply in this case.

In other words, we find from the record that the defendant's appellate review was waived by the action of his privately retained counsel with the acquiescence or concurrence of the defendant in the lower

court, and cannot now be heard to complain.

It seems to us that common sense and fair play, not to speak of the law, dictate that once a defendant has been convicted, being represented by retained counsel in whom he had confidence and in whose decision he acquiesced, he should not be allowed relief in this manner, after all witnesses and probably the attorneys of record have become deceased or disinterested, and the public in general disillusioned in our legal processes. We cannot leave the doors of our prisons ever ajar to those who have had the full benefits of our legal processes as we find this defendant had.

We, therefore, reverse the action of the Court of Criminal Appeals and affirm the decision of the trial court.

DYER, C. J., and CHATTIN and McCANLESS, JJ., concur.

CRESON, J., not participating.