STATE *ex rel.* VAN SCOYOC *v.* STATE.

(*Nashville*, December Term, 1936.)

Opinion filed March 29, 1937.

J. M. HARGRAVES, of Chattanooga, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. SPECIAL JUSTICE F. T. FANCHER delivered the opinion of the Court.

The petitioner was arrested in Hamilton county on a charge of being a fugitive from justice from the state of California. Later, requisition was granted by the Gov-

ernor and petitioner was taken into custody under the warrant of the Governor. He sued out a petition for a writ of *habeas corpus,* which upon the hearing was dismissed, and he appealed to this court. He is charged with stealing an automobile in the state of California in May, 1936. The prisoner swore on the trial of this cause that he was not in California when the alleged crime was committed, but was in Dallas, Tex. When arrested he was found in possession of an automobile, which it is not denied is the stolen car.

When the relator was first arrested he was charged with defrauding a hotel in Chattanooga. He was found in company with a young lady, who was arrested at the same time. She was introduced as a witness on the *habeas corpus* trial by the Attorney-General and she denied that she made a statement to the officers that she was in California with the relator. The officers who arrested the relator testified that he admitted to them that he was in California on the time, May 13, 1936, and stole the automobile in question and drove to Chattanooga, where it was taken from him by the police. The relator denied making these statements.

The contention made by the relator on this appeal is: First, that he was not in the state of California at the time of the alleged theft and hence could not be a fugitive from justice. The transcript shows regular proceedings, including the warrant of arrest for the relator issued by the chief executive of this state.

Extradition proceedings for interstate fugitives is provided for in article 4, section 2 of the Federal Constitution. The decisions of the federal courts of last resort construing these provisions are held to be binding upon the state courts. *South Carolina* v. *Bailey,* 289 U. S., 412, 53 S. C., 667, 77 L. Ed., 1292.

■ The issuance of the warrant of extradition by the chief executive of this state creates a *prima facie* case that the petitioner was lawfully charged with a crime in the demanding state and that he was a fugitive from justice thereof. *Illinois ex rel. McNichols* v. *Pease*, 207 U. S., 100, 28 S. Ct., 58, 52 L. Ed., 121.

■■ The relator relies entirely upon his own testimony that he was not in the state of California at or about the time of the alleged commission of the crime for which he stands charged. He is discredited by the officers on this point. As a simple proposition, therefore, it would appear that he has not overcome the presumption against him. Our state has held that in order to warrant his discharge from custody, the proof must clearly and satisfactorily show that the prisoner is not a fugitive from justice. *State ex rel. Guy* v. *Foster*, 160 Tenn., 285, 289, 23 S. W. (2d), 660, 24 S. W. (2d), 897.

In the case of *South Carolina* v. *Bailey, supra,* the opinion of Mr. Justice McReynolds used the language stated by this court as above, but further said that in other words it should so appear beyond a reasonable doubt. Undoubtedly the relator has failed to overcome the presumption against him.

■ On the second contention, on behalf of petitioner in error that he should have been accorded a hearing before the Chief Executive of this state prior to the issuance of the warrant for his arrest, it is well settled that the person demanded in extradition proceedings has no such right on the question whether or not he is a fugitive from justice. *Munsey* v. *Clough*, 196 U. S., 364, 25 S. Ct., 282, 49 L. Ed., 515.

■ The third contention is to the effect that he was not accorded a hearing upon the warrant sworn out in

Hamilton county against him under provisions of sections 11927-11930 inclusive, of the Code. These sections of the Code originated as chapter 85, Pub. Acts 1921, and merely provide a method for detaining alleged fugitives from justice until such time as the warrant of arrest of the chief executive may be obtained. The Governor's warrant was issued July 15, 1936. The record does not disclose the date upon which it came to hand, but we may very well assume that it had been sent to Chattanooga at the time of the filing of this petition, to-wit, July 17, 1936.

Sections 11927-11930, therefore, have no bearing upon this proceeding, for they merely contemplate the holding of the party accused until the warrant of arrest by the Governor may arrive, and when such warrant does arrive such prior proceedings are immaterial. Furthermore, we are of opinion that this preliminary arrest does not contemplate a hearing before the magistrate as to whether or not he is a fugitive from justice, but merely to effectuate his arrest so that he may be detained until the proper warrant shall arrive.

The fourth contention is that the court erred in refusing to sustain the writ of *habeas corpus* since the state of California had failed to comply with the law as to cost bond. It is true that a cost bond was not furnished until after the *habeas corpus* trial, but a proper bond was executed and filed shortly after the trial under order of the court requiring the posting of such bond within the given time or else the petition would be sustained; so within the time directed by the court the bond was executed and the relator was thus protected.

We therefore find no error in the judgment of the trial court and the same is affirmed.