STATE *ex rel.* ZAHND *v.* HEAD, SHERIFF.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

Walter T. Wood, Carl J. Wood and Shelby R. Brammer, all of Chattanooga, for plaintiff in error.

Nat Tipton, Asst. Atty. Gen., for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Robert Zahnd has appealed from the order of the lower Court dismissing his petition for writ of *habeas corpus*. His complaint in that petition filed on September 28, 1946 is that he had been held since September 25, 1946 in jail on a warrant which charged him with being a fugitive from justice from the State of Georgia, but that the warrant did not charge the crime he is alleged to have committed in Georgia as required by code section 11927, and that he had not been taken before a committing magistrate or allowed bail as provided by code section 11928. The return of the sheriff was that since the filing of the petition, to-wit, on October 1, 1946 a rendition warrant had been issued by the Governor for the return of Zahnd to the State of Georgia for crimes alleged to have been committed there.

The rendition warrant recites that Zahnd is ''charged upon affidavits and warrants in the State of Georgia'' with having committed certain offenses set out in the rendition warrant which further recites that the demand of the Governor of Georgia for this alleged fugitive was accompanied with ''a copy of said affidavits and warrants'' certified to as being authentic.

■ The contention made in the Court below and renewed here is that it was error not to sustain the writ on the ground that the fugitive from justice warrant "did not charge relator with the commission of a crime", and because he was denied a preliminary hearing on such fugitive from justice warrant as required by code sections 11927 and 11928. Since the record discloses that the rendition warrant had been issued prior to the hearing on the *habeas corpus* petition our case of *State ex rel. Van Scoyoc* v. *State,* 171 Tenn. 357, 103 S. W. (2d) 26, 27, conclusively settles this question adversely to the contention of relator. It is pointed out in that case that these code sections "merely contemplate the holding of the party accused until the warrant of arrest by the Governor may arrive, and when such warrant does arrive such prior proceedings are immaterial".

■ It is next contended that the rendition warrant was void because of its failure to recite "that the affidavits presented were sworn to before a magistrate of the State of Georgia". The case of *Ex parte Powell,* 20 Fla. 806, cited by Zahnd, does support this contention. There seems, howover, to be a diversity of opinion as to whether the rendition warrant is void for failure to recite that it was predicated on an affidavit sworn to before a magistrate. We find no decision of our Court on the question. In the Ohio case of *Ex parte Davis,* 333 Mo. 262, 62 S. W. (2d) 1086, 89 A. L. R. 589, the Court, after reviewing the authorities to some extent, held that the rendition warrant is *prima facie* valid notwithstanding its failure to recite that the affidavit upon which it was predicated was sworn to before a magistrate of the demanding State. The Court indicated that its conclusion was considerably influenced by the federal decisions. It referred to the case of *Collins* v. *Traeger,* 27 F. (2d) 842,

844, where the United States Court of Appeals for the Ninth Circuit said: ''Appellant contends that the warrant is void upon its face for want of a recital that the affidavit or verified complaint was made before a magistrate. There is nothing in the statutes prescribing the form or contents of the warrant, and the decided cases exhibit great diversity. For this jurisdiction, however, we think the rule established that such a warrant is aided by the presumption of official regularity, and under that presumption the warrant here is *prima facie* valid.'' This view of the matter is consistent with the rule of presumption of official regularity, and can do no injustice to an ordinary diligent accused. The contrary view is inconsistent with that rule. We, accordingly, hold that the rendition warrant in this case was *prima facie* valid, with the result that relator must be placed in custody pursuant thereto.

It is finally contended that it was error not to continue the hearing of the petition until the relator could obtain the affidavits and other supporting evidence which had been presented to the Governor. There is nothing in the record to indicate that relator made any effort prior to the time of the hearing to procure these papers. This alone makes it necessary to reject that contention.

Affirmed.

All concur.