STATE *ex rel.* HOURIGAN *v.* ROBINSON, Sheriff.

(*Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

KILGORE, ROBERTS & GREEN, of Nashville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is an appeal from the judgment of the Criminal Court of Davidson County dismissing Edward C. Hourigan's petition for the writ of habeas corpus.

The case is before us upon the technical record which consists of the petition of the relator, the answer of the defendant and the judgment of the trial court dismissing the petition, and the motion for a new trial, which was overruled.

The appellant's assignments of error raise the following questions:

(1) The extradition proceeding was instituted solely for the purpose of collecting private debts.

(2) The relator could not obtain a fair trial in Kentucky.

(3) The paper issued by the Governor of. Kentucky was not such a written demand as to be sufficient to authorize the issuance of a rendition warrant.

(4) The warrants and indictments were not certified by the Governor of Kentucky.

■ The first two of the assignments are based upon issues of fact and cannot be considered in the absence of a bill of exceptions preserving all the evidence in the case.

The third and fourth assignments question the sufficiency of the requisition papers, that is that the paper issued by the Governor of Kentucky was not a written demand upon the Governor of Tennessee; the Governor of Kentucky did not certify copies of the indictments, etc.

Contention is made in the fifth assignment that the "rendition warrant" issued by the Governor of Tennessee was invalid in that it purported to "give Barren County, Kentucky, Sheriff Jesse Edmunds the power both to arrest the relator and to return the relator to Kentucky."

■ In the present state of the record we are not permitted to consider the argument of counsel that certified copies of the Kentucky indictment were not presented to the Governor of Tennessee at the time he issued his warrant of arrest. In the absence of any evidence we must indulge the presumption that Chapter 240 of the Public Acts of 1951, referred to as the "Uniform Criminal Extradition Act", was fully complied with and certified copies were before him.

■ There appears in the record photostatic copies of the appointment of Sheriff Jesse Edmunds by the Governor of Kentucky as his Agent "for the purpose of demanding and receiving from the proper authorities of Tennessee" (the relator, naming him) *Fugitive from the State of Kentucky* charged with *selling mortgaged prop-*

*erty* and *uttering worthless checks.*'' (Emphasis supplied.)

The photostatic copy of the rendition warrant issued by the Governor of Tennessee recites that the relator is indicted in the State of Kentucky upon the criminal charge herein referred to: also that "said copy of indictments *being certified*" etc. (Emphasis supplied.) It authorizes the Sheriff Jesse Edmunds to apprehend and arrest the relator and deliver him to "Sheriff Jesse Edmunds."

Each of the foregoing photostatic copies are filed with the technical record with the certificate of the trial judge that the "originals of said papers" were considered on the trial of the case "as a part of the pleadings and not as a part of the evidence."

There is nothing in the record to show that the trial judge did not have before him properly certified copies of indictments and warrants charging crimes against the laws of Kentucky.

 It is immaterial that the rendition warrant of the Governor of Tennessee authorized the Sheriff of Barren County to apprehend the relator and take him in his custody. Regardless of who arrested the relator he was properly before the trial judge on his petition for the writ of habeas corpus.

 The warrant of the Governor of Tennessee may have been defective in authorizing the Sheriff of Kentucky to apprehend the relator, but it had no bearing upon the determinative question, i. e. whether or not he was under indictment in the State of Kentucky and was a fugitive from its justice. Moreover the warrant of the Governor of Tennessee is directed to "said Agent Sheriff Jesse Edmunds * * * and *all Sheriffs and Constables, and other civil officers of the State* to be active

and vigilant to apprehend the said Edward C. Hourigan''. (Emphasis supplied.)

Contention is made that ''the Uniform Criminal Extradition Act, Section 7, clearly contemplates that the arrest and delivery (of relator) must be made by a regularly bonded officer of the State of Tennessee or of a Tennessee City''; that relator was denied his rights under Section 10 of the Act which provides: ''the right to demand legal counsel'' when arrested, ''and if the prisoner, his friends, or counsel shall state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before a judge of a court of record in this State, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.''

There is nothing before us to warrant the conclusion that this Act was not complied with other than a statement by counsel that relator ''was kidnapped'' by the Sheriff Jesse Edmunds of Kentucky; nor is there anything to show that he was arrested and ''extradition sought solely for the collection of private debts.''

It may be true that the Agent of the demanding State attempted to deprive relator of his rights under the Uniform Act and especially as provided by Section 10 of said Act. This, however, does not entitle him to a discharge when he is afforded counsel and given his day in court under habeas corpus to make defense to the charges against him.

We do not deem it necessary to discuss the numerous authorities cited on appellant's brief. Most of the cases referred to are based upon facts showing a violation of a prisoner's rights, the right of an ''asylum state'' to refuse to honor a requisition, and there can be no extradition for the collection of a civil debt.

The assignments of error are overruled, and the judgment of the trial court is affirmed.