STATE OF TENNESSEE ex rel. DEAN JOHNSON, GEORGE
JOHNSON, and DOYLE TEAGUE

*v.*

JAMES TURNER, Sheriff.

(*Knoxville*, September Term (May Session), 1959.)

Opinion filed September 9, 1960.

94

H. V. Grady, Chattanooga, for plaintiffs in error.

Thomas E. Fox, Assistant Attorney General, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The three plaintiffs in error have appealed the denial of their separate petitions for a writ of *habeas corpus.* The Governor granted extradition to the State of Georgia on two separate charges; one, that of an alleged robbery committted on August 24, 1959, and two, burglary alleged to have been committed on August 15, 1959.

The assignments of error in effect raise two questions, to wit: (1) that the warrant issued for the defendants' arrest on the burglary charge was not included with the demand for the defendants' extradition to Georgia, as required by our Code, Section 40-1010, T.C.A., and further that the extradition papers on this charge were not attested; (2) that the proof shows that the defendants were not in the demanding State on August 24, 1959, the date on which the alleged robbery occurred.

■ ■ The extradition papers presented to our Governor are not included in the record. However, we find in the file copies of extradition papers which were sent to this Court by order of the trial judge on April 7, 1960. These papers are in no wise marked filed by the judge or the clerk, and the clerk in a letter to the Clerk of this Court says that he supposes these papers were filed at the hearing. Be that as it may, it is our conclusion that we cannot, and are not required to, determine whether or not there was a compliance with the Code Section, supra. *State ex rel Hourigan v. Robinson,* 195 Tenn. 101, 257 S.W.2d 9. There is clearly a presumption that a proper requisition for these prisoners was made by the proper officers of the State of Georgia to the Governor of Tennessee before he would issue extradition papers

for them. The presumption likewise is, and the statements are so made in the petitions for *habeas corpus*, that such an extradition had been ordered, and it was for this reason that these various petitions were filed. Thus we must presume in the absence of any other showing to the contrary that proper extradition requests were made under this statute.

■ Under the second assignment it is insisted in behalf of these plaintiffs in error that the proof shows that these defendants were not in Georgia on the morning when the alleged robbery is supposed to have occurred. The petitioners offered as testimony in their behalf the testimony of the Sheriff of Hamilton County, Tennessee, and that of the three defendants, which was supported by others. In this testimony these parties attempted to show that they were not in the State of Georgia at the time this crime was alleged to have been committed. Upon reading the testimony, we think that it indicates and there is an inference from the testimony of the Sheriff that the defendants were in the State of Georgia at the time and were identified by city policemen of Ringgold, Georgia.

■ Be that as it may, "If the Governor of the asylum state (Tennessee in this instance) issues the warrant for the person sought, the latter may test the legality of same in a *habeas corpus* proceedings, and also in such proceedings may raise the question of fact, but before his release is justified, as pointed out above, he must show beyond a reasonable doubt that he is not guilty." *State ex rel Brown v. Grosch*, 177 Tenn. 619, 152 S.W.2d 239, 243.

By reading the evidence presented herein it clearly does not appear beyond a reasonable doubt that these defendants were not in the State of Georgia at the time of the alleged crime. The fact is one could reach the conclusion from the evidence that they were there. The evidence is more or less offered to support an alibi, and, of course, as we know, such evidence is easily concocted, and it is very easy for people to mistake a time. The case just cited cites other cases of when and where, and in one it is even shown that under *habeas corpus* proceedings when a man was not there for some days the court has held when the Governor has issued the extradition, as he may do on evidence that is not strictly legal, then these questions are primarily for the trial court where the crime is alleged to have been committed as a defense to the commission of the crime. In other words, in these *habeas corpus* proceedings we do not try the case as it is tried against the accused when he is accused of a crime. It is tried by the courts of the asylum State on the petition for *habeas corpus* on the theory and basis to see whether or not the men were probably in the State at the time. What is meant by the proposition "beyond a reasonable doubt" is that if it is shown beyond question, while the court is trying the case on *habeas corpus* in the asylum State, that the man was not there, then the writ would be granted, but where there is a question the writ would be denied.

Thus it is after a thorough consideration of the matters herein, that the petitions for *habeas corpus* in each case must be denied.