**STATE of Tennessee ex rel. Larry JONES, Appellant,**

v.

**Rex GANN, Sheriff of Macon County, Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 9, 1979.

Certiorari Denied by Supreme Court June 4, 1979.

R. K. Witcher, Jr., Lafayette, for appellant.

William M. Leech, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, Tom P. Thompson, Jr., Dist. Atty. Gen., Hartsville, Paul Carter, Commonwealth Atty., Tompkinsville, Ky., for appellee.

## OPINION

WALKER, Judge.

By his petition for habeas corpus, Larry Jones contested extradition to the State of Kentucky as directed by a rendition warrant issued by the Governor of Tennessee in response to the formal request of December 20, 1977, from the Governor of Kentucky. The petitioner was indicted in Monroe County, Kentucky, for the burglary of a store in Ackersville on November 15, 1977. Duly authenticated copies of the indictment accompanied the request. The Criminal Court of Macon County denied the petition and Jones appeals.

At the hearing on his petition, Jones sought to challenge Tennessee Governor Ray Blanton's order of extradition on several grounds. First, he contends that the governor should have been required to appear at the hearing after Jones had him subpoenaed for questioning about the basis of his decision. Failure to grant a continuance when the governor did not appear was error, he urges. Without this testimony, Jones insists that he cannot show whether Blanton relied upon his personal discretion and whether he considered only the single indictment attached to Kentucky Governor Julian Carroll's request or the two additional indictments alleged but not authenticated therein. In his second assignment, he cites as error the quashing of his subpoena for Blanton.

■ Neither of these assignments is wellfounded. A governor's grant of extradition is prima facie evidence that the requirements fixed by the Constitution and by statutes have been met. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). Once extradition is granted, judicial review of that decision by a petition for habeas corpus is limited to consideration of (1) whether the extradition documents are in order on their face; (2) whether the demanding state has charged the petitioner with a crime; (3) whether the person named in the request for extradition is the petitioner before the court; and (4) whether the petitioner is a fugitive. *Id.*, at 289, 99 S.Ct. at 535, 58 L.Ed.2d at 527. The petitioner here failed to show any facial invalidity of the extradition documents. Without that, he is not entitled to probe more deeply into the governor's decision. Thus, there was no error in denying the requested continuance or in quashing his subpoena for the governor.

■ Likewise without merit is appellant's attack on the rendition warrant for its allegation of three Kentucky indictments with only one indictment document-

ed in the supporting papers. This does not amount to a facial defect in the request. A single indictment is sufficient, all other conditions being met, to support extradition. *See* TCA 40–1010. Moreover, the Uniform Criminal Extradition Act, adopted in both Tennessee and Kentucky, expressly provides that the state which sought extradition may try an extradited person for other crimes which he may be charged with having committed (in that state), as well as that specified in the requisition for his extradition. TCA 40–1033. Thus, submission of documentation for the additional indictments would have been a superfluity and its absence was not error.

■ Appellant also complains that the rendition warrant of the governor of Tennessee does not comply with the requirements of TCA secs. 40–1016 and 40–1018, which direct that the warrant of arrest is to be issued to an individual who is to deliver the accused to the authorized agent of the foreign state. Instead, Jones notes, the warrant of rendition authorized the foreign state's agent to arrest the fugitive, although directing Tennessee authorities in general to apprehend him and to deliver him to the Kentucky agent. As was the case in *State ex rel. Hourigan v. Robinson*, 195 Tenn. 101, 257 S.W.2d 9 (1953), this defect is immaterial. In fact, Jones was arrested by a deputy sheriff of Macon County, and he has been afforded a proper hearing with counsel appointed on his petition for habeas corpus. Any error in this respect was harmless on these facts.

■ Since the rendition warrant was properly held valid, it is unnecessary to consider the validity of the arrest warrant which appellant has attacked in his fourth assignment of error. *See State ex rel. Zahnd v. Head*, 185 Tenn. 462, 206 S.W.2d 426 (1947).

The appellant next complains of an alleged failure to comply with the requirement of TCA 40–1020 that if the legality of a prisoner's arrest is to be tested he shall be taken forthwith before a court of record. Jones announced to the General Sessions Court of Macon County on December 31, 1977, his desire to test the legality of his arrest, subsequently bringing to the court's attention its lack of jurisdiction. He was first taken before the Criminal Court of Macon County on January 23, 1978, at which time counsel for Jones was appointed. It is the 23-day delay from December 31 to January 23 of which Jones complains.

■ In considering this matter, the trial court observed that Jones had been taken before a court of record on the first occasion that the court sat in Macon County after notice was given that the arrest would be contested. The appellant's rights were not denied by this delay.

■ In his sixth assignment, appellant urges that the trial court erred in allowing a detective to testify over defense objection to a statement purportedly made by Larry Dale Dyer implicating Jones in a Kentucky robbery. Dyer was unavailable as a witness in the habeas corpus hearing but had already entered a guilty plea to an indictment for the same robbery for which Jones' extradition was being sought. In allowing the testimony, the trial court relied upon *McLaughlin v. State*, 512 S.W.2d 657, 661 (Tenn.Cr.App.1974), where this court spoke of:

> "(T)he rule that in an extradition proceeding the courts are not bound by the same rigid rules of evidence as in a criminal trial, and the evidence should be construed liberally in favor of the demanding state."

The habeas corpus hearing was not designed to determine guilt but only whether the arrest of the petitioner for extradition was proper. The hearsay testimony was largely tangential to the issue of whether Jones had been charged with a crime in Kentucky but was certainly harmless. Moreover, the rules of evidence for extradition proceedings are sufficiently broad that allowing it was not error.

Jones next argues that the court erroneously ruled that he did not sustain his burden of proof to show that he was not in Kentucky when the robbery occurred. To prevail on this ground, absence must be

shown beyond a reasonable doubt. *McLaughlin, supra,* at 660. While Jones and his witnesses did state at the hearing that Jones was in Tennessee during most of the period from November 14 through November 16, 1977, none of these witnesses had actually seen Jones during that period after he left his mother's house around 9:00 p. m. on November 14 with another defendant charged in the robbery. One witness told the court that Jones had called him around 6:00 p. m., November 15, telling him that he was at Coot Gann's residence in a rural area of Macon County and asking the witness to come get him before two other men, later charged with appellant in the robbery, could return. That witness never found Gann's home and could not be sure of the call's origin, but could only say that it was not a long distance call and therefore was from within Macon County. Late in the evening of November 15, officers did find that Gann's telephone had been jerked out of the wall, but they could not tell how long the phone had been in that condition. The site of the robbery itself is less than a mile from the line between Monroe County, Kentucky, and Macon County, Tennessee. There remains room for reasonable doubt as to Jones' whereabouts at the critical time.

Additional evidence undermining Jones' denial that he was in Kentucky at the time of the robbery included a pistol identified as having been stolen in the robbery. This gun was found under the car seat that appellant had been occupying immediately prior to his arrest in Macon County on November 16, 1977, for possession of a controlled substance, public drunkenness and carrying a weapon.

In light of this evidence, it cannot be said that Jones has shown beyond a reasonable doubt that he was not in Kentucky at the time of the offense.

The final assignment of error questions the transfer of Jones to the custody of the agent for Kentucky immediately upon denial of the petition rather than awaiting the outcome of appellant's appeal of the denial. In ordering the immediate transfer, the trial court acknowledged the lack of case law on the subject, but advised Jones that he could apply to the Court of Criminal Appeals for a stay if he desired to delay extradition until his appeal of the petition's denial could be processed. The technical record contains nothing to suggest that Jones sought the supersedeas, although even before the court's ruling the state had told the petitioner that the extradition would be effected as quickly as possible and that he would have to seek a stay to block the transfer pending appeal.

In any event, we judicially notice that the immediate transfer was not effected while this appeal was pending, for Jones was tried, convicted and sentenced to the Tennessee Penitentiary for a separate and unrelated offense in Tennessee.

Affirmed.

DAUGHTREY and CORNELIUS, JJ., concur.