**Sam Frank MANDINA, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 6, 1985.

Permission to Appeal Denied by Supreme Court Jan. 27, 1986.

Edward Witt Chandler, Memphis, Joseph Neill, St. Louis, Mo., for appellant.

W.J. Michael Cody, Atty. Gen., William Barry Wood, Asst. Atty. Gen., Nashville, James W. Harrison, Kathleen O. Spurill, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

WALKER, Presiding Judge.

By his petition for habeas corpus, Sam Frank Mandina contested extradition to the State of North Carolina as directed by rendition warrant issued by the Governor of Tennessee in response to the formal request of November 16, 1984, from the Governor of North Carolina. The Wake County, North Carolina, grand jury returned indictments with a total of 79 counts, charging him with conspiracy, breaking

and entering, larceny, receiving stolen property, second degree burglary and safe-cracking. The Governor of Tennessee had honored North Carolina's demand for extradition on November 21, 1984, and the rendition warrant had been served on Mandina on that day. Mandina filed his petition for the writ of habeas corpus November 30, 1984. He is represented by local counsel and counsel from St. Louis. Mandina had previously been apprehended in Memphis by the Federal Bureau of Investigation and then arrested by Shelby County officers on a fugitive warrant on November 13, 1984, pending the issuance of a rendition warrant.

On November 30, 1984, the trial judge held a bond hearing at which he denied bond and announced that he had previously set the date of December 14 to hear the case. At counsel's request for an early hearing, the court advanced that date to December 7.

On December 7, with several North Carolina witnesses present for the hearing, the petitioner's St. Louis counsel, Honorable Joseph Neill, reported that he had lost several days on account of an automobile accident and requested a continuance of about 30 days to prepare for the hearing. He sought to show that Mandina was not in North Carolina at the time of the crimes. The trial judge offered to reset the case for December 17 but that date was not suitable to cocounsel and the trial judge fixed the hearing for December 14.

On December 14 the petitioner again moved for a continuance. After that was denied, he called no witnesses and presented no evidence to support his claim that he was not in North Carolina at any of the times covered by the indictments. Thereupon the trial court denied the writ of habeas corpus.

The petitioner's principal claim is that the trial judge erred in denying his motions for a continuance.

The grant or denial of a continuance is a matter addressed to the sound discretion of the trial judge and his discretion will not be reversed unless it is shown that he abused

that discretion. *Moorehead v. State,* 219 Tenn. 271, 409 S.W.2d 357 (1966).

Once rendition is granted, judicial review of the governor's decision by a petition for a writ of habeas corpus is limited to a consideration of (1) whether the extradition documents are in order on their face; (2) whether the demanding state has charged the petitioner with a crime; (3) whether the person named in the request for extradition is the petitioner before the court; and (4) whether the petitioner is a fugitive. *Michigan v. Doran,* 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978); *State ex rel. Jones v. Gann,* 584 S.W.2d 235 (Tenn.Cr.App. 1979). The court does not concern itself with the guilt or innocence of the petitioner on the underlying charge. T.C.A. 40–9–114.

The only ground on which Mandina could possibly have been prejudiced by the denial of a continuance was that he was not a fugitive from North Carolina. He argues that if given a continuance he might reasonably have proven beyond a reasonable doubt that he was not in North Carolina on any of the 18 days on which the crimes occurred.

It was Mandina's burden to produce evidence on his habeas corpus hearing to prove beyond a reasonable doubt that he was not present in the State of North Carolina on any of the 18 dates in question. *McLaughlin v. State,* 512 S.W.2d 657 (Tenn.Cr.App.1974). After a significant amount of time following his arrest and notice of the hearing to be held December 14, Mandina was unable to produce any witnesses or any evidence. The court provided him adequate time and did not deprive him of a fair hearing. He has not shown that a different result might reasonably have been reached had he been granted a continuance.

It is clear that the trial court did not abuse its discretion in denying the petitioner's motion for a continuance. This is especially so in view of Mandina's failing to show how he was prejudiced or what he would have been able to show with more time. None of his constitutional or other rights were violated by the court.

**474**

The petitioner also argues that the trial court erred in denying him bail. Tennessee does not authorize bail for prisoners after their arrest upon the rendition warrant of the Governor of Tennessee. See T.C.A. 40–9–106 and 40–9–108. Once a fugitive is served with a rendition warrant of the governor of the asylum state, he is not entitled to bail and no constitutional abridgement is involved. Our statutes authorize bail in such extradition cases only before the prisoner's surrender for arrest upon the warrant of the governor of this state.

Article IV, Section 2, Clause 2 of the United States Constitution, places a positive duty on the governor of the asylum state to return fugitives from justice upon proper demand of the executive authority of the state in which the fugitive is charged. The enforcement of a forfeited bond would not meet the requirements placed on the executive of the asylum state.

After the trial court here denied bail, the petitioner filed a motion for review. On January 23, 1985, this court held that Mandina was not entitled to bail on appeal. We adhere to that holding and overrule this issue.

The judgment is affirmed.

TATUM and BYERS, JJ., concur.