**STATE of Tennessee, Appellee,**

v.

**Willie Edward WHITT,
Defendant/Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

May 3, 1988.

James W. Brooks, Jr., Wartburg, for defendant/appellant.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, Frank Harvey, Asst. Dist. Atty. Gen., Lenoir City, for State of Tenn.

OPINION

WADE, Judge.

This is an appeal as of right by the defendant, Willie Edward Whitt, from an order of transfer to the temporary custody of the State of Missouri pursuant to the Interstate Compact on Detainers, T.C.A. § 40–31–101 et seq.

The single issue presented on appeal is whether the trial court committed error by its order of transfer.

This court concludes that the judgment of the trial court should be affirmed.

On September 15, 1986, the State of Missouri filed a request for temporary custody of the defendant, an inmate at Brushy Mountain Penitentiary, under the Interstate Agreement on Detainers. Pursuant to T.C.A. § 40–9–119,[1] the defendant did

---

1. The United States Supreme Court has held that the Detainer Agreement preserves, by statutory interpretation, whatever rights an inmate would have under the Extradition Act; this statute confers certain procedural rights upon those subjected to extradition. *Cuyler v. Adams,* 449 U.S. 433, 450, 101 S.Ct. 703, 712, 66 L.Ed.2d 641 (1981); *see State ex rel. Young v. Rose,* 670 S.W.2d 238, 240 (Tenn.Cr.App.1984).

not voluntarily return to the requesting state and made application for a writ of habeas corpus. On March 16, 1987, after a review of the certified copies of the charging instruments and certified copies of the booking photograph and fingerprint card of the defendant, the trial court determined that the charging instruments were in proper order, the defendant was the same individual sought by the State of Missouri, and that the defendant should be transferred to the temporary custody of the State of Missouri for disposition of the charges of forceful rape (three counts) and kidnapping.

The defendant contends that the Missouri indictment charges "Samuel E. Whitt," lists his address at 4856 Ledue, and provides his date of birth as June 27, 1952. He asserts the fingerprint card and booking photograph of "Samuel E. Whitt" lists an address of 3856 Ledue and a birth date of July 14, 1947. He argues that the state failed to meet its burden of proof and maintains that a close examination of the record indicates that no competent evidence was introduced upon which the trial court could properly conclude that the defendant is the individual charged in the State of Missouri.

In this habeas corpus proceeding, the trial court must make a two-prong inquiry. First, it must determine that the state demanding custody of the inmate has presented the proper paperwork. Secondly, the court must conclude that the inmate is the same individual identified by the charging instruments. *State ex rel. Jones v. Gann*, 584 S.W.2d 235 (Tenn.Cr.App. 1979), (*citing Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978)).

In the case *sub judice* the defendant concedes the authenticity of the charging instruments. At the pre-transfer hearing, he questioned only the issue of identity.

The issuance of a governor's rendition warrant (authorizing return) creates a *prima facie* case that the fugitive is lawfully charged with the crime and that he fled from the demanding state. *State ex rel. Lingerfelt v. Gardner*, 591 S.W.2d 777, 779 (Tenn.Cr.App.1979). One attempting to defeat the transfer has the burden of proving his contentions beyond a reasonable doubt.

*State v. Lann*, 567 S.W.2d 772, 774–775 (Tenn.Cr.App.1978).

In this instance, the trial court had the opportunity to view the defendant in person as well as to examine the photographs submitted by the State of Missouri. The trial court concluded that the two individuals were one and the same. The defendant did not introduce into evidence a current photograph. Absent the benefit of a photographic likeness, this court is unable to further review that aspect of the identification procedure. This court must conclude that the decision of the trial court was appropriate. T.R.A.P. 13 and 27(a)(7).

A review of the record indicates that the trial court relied primarily upon its own in-court identification of the defendant. While counsel for defendant indicated that family and friends were available to prove that he was not in Missouri at the time these charges are alleged to have occurred, no testimony or other evidence of any kind was presented on his behalf for review.

Rules of evidence in these proceedings are not rigidly applied and the evidence shall be construed liberally in favor of the demanding state. Art. IV, § 2, U.S. Constitution; *McLaughlin v. State*, 512 S.W.2d 657 (Tenn.Cr.App.1974).

A person may show that he was not in the requesting state at the time of the crime, but this showing must be beyond a reasonable doubt. Where evidence is merely contradicting as to his presence, he has not sustained the burden. *State v. Lann*, 567 S.W.2d at 772. Even though evidentiary requirements at the pre-transfer hearing are not nearly as stringent as in the normal case, the defendant did not by his submission and testimony establish his absence from Missouri at the time of the alleged offense in accordance with the applicable standard.

The judgment is affirmed.

RICHARD R. FORD, Special Judge, and JONES, J., concur.