**STATE of Tennessee, Appellee,**

v.

**William Scott DAY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 29, 1994.

Permission to Appeal Denied by Supreme Court Aug. 8, 1994.

Charles W. Burson, Atty. Gen. & Reporter, Jerry L. Smith, Deputy Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Roger Moore, Asst. Dist. Atty. Gen., Nashville, for appellee.

Ross Alderman, Deputy Public Defender, Nashville (Karl F. Dean, Metro Public Defender, of counsel), for appellant.

**OPINION**

JONES, Judge.

This is an appeal as of right from a judgment of the trial court authorizing the transfer of the appellant, William Scott Day, to the State of Arizona pursuant to the Interstate Compact on Detainers. The appellant contends that the trial court should not have authorized his transfer. He argues that the documents furnished by the State of Arizona do not contain sufficient identifying information to establish that he is the same "William Scott Day" who was charged with first degree murder and robbery in Pima County, Arizona, on February 3, 1987.

The judgment of the trial court is affirmed.

In February of 1993, the State of Arizona sought the temporary custody of the appellant, an inmate confined in the Department of Correction, to try him for first degree

murder and robbery. The Pima County Attorney's Office forwarded the requisite documents required by the Interstate Compact on Detainers. On March 3, 1993, the warden of the institution where the appellant was confined notified him of the request pursuant to the Compact.

The appellant filed suit in the Davidson County Criminal Court challenging Arizona's request. The pleading filed stated in part:

> That the Request for Temporary Custody contained no information whereby the authorities in Tennessee might determine whether the Petitioner was the person named in the Arizona charging document and therefore the subject of the Request for Temporary Custody.

This was the appellant's only challenge of the Arizona documents. Thus, the sole question presented is whether a request for temporary custody must contain sufficient information and data to permit the Department of Correction to positively identify the person requested as the same person that is in its custody.

The trial court gave the appellant an opportunity to present evidence in support of his claim. The appellant voluntarily opted to forego an evidentiary hearing. He relied exclusively upon the documents furnished by the State of Arizona to support his claim.

The Interstate Compact on Detainers does not require that a request for temporary custody contain information which gives a physical description of the individual sought, a photograph of the individual, his fingerprints, or other identifying information that would permit the institution where the inmate is confined to positively identify the inmate as the person sought.[1] The only identifying information that the Compact requires is the name of the person requested.[2] Consequently, the documents presented by the State of Arizona conformed to the requirements of the Compact; and the trial

court correctly ruled that the Department of Correction was authorized to provide Arizona with the temporary custody of the appellant so that he can be tried for the offenses alleged in the charging instrument.

WADE and CORNELIUS, Special Judge, concur.

---

1. Tenn.Code Ann. § 40-31-101, arts. III and V.

2. If an inmate named in the requesting documents contends that he is not the person who committed the offenses, the inmate may litigate the identity issue. However, the inmate, not the state, has the burden of proving that he is not the same person beyond a reasonable doubt. *State ex rel. Johnson v. Turner*, 207 Tenn. 93, 96, 338 S.W.2d 558, 559 (1960); *State v. Whitt*, 753 S.W.2d 369, 370 (Tenn.Crim.App.1988); *State ex rel. Price v. Evatt*, 688 S.W.2d 97, 98 (Tenn.Crim. App.1983); *State v. Lann*, 567 S.W.2d 772, 774 (Tenn.Crim.App.1978).