IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 12, 2002

## STATE OF TENNESSEE v. GREGORY OZIER

**Appeal from the Circuit Court for Hardeman County**
**No. 9425    Jon Kerry Blackwood, Judge**

---

**No. W2001-02714-CCA-R3-CD  - Filed April 12, 2002**

---

The defendant, Gregory Ozier, an inmate at the Whiteville Correctional Facility, appeals an order transferring his custody to Illinois to face a charge of first degree murder in the Criminal Division of the Circuit Court of Cook County.  Because the trial court properly granted the petition by the State of Illinois for custody of the defendant, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Didi Christie, Brownsville, Tennessee (on appeal), and Shana McCoy-Johnson, Senior Assistant District Public Defender (at trial), for the appellant, Gregory Ozier.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 12, 2001, a complaint for arrest was issued against the defendant, charging him with the first degree murder of the victim, Juan D. Bratcher.   The alleged offenses occurred in Chicago, Illinois.  Based upon the contents of the petition and the exhibits made a part of this record, the trial court issued an order remanding the custody of the defendant to the proper officials of Cook County, Illinois.

The documentation filed in the record includes an affidavit of identity signed by Extradition Officer Alan G. Hanson, certifying the authenticity of a photograph of the defendant, who allegedly has used the name William Drake as an alias.  The document included a fingerprint record of William Drake, who was born March 1, 1975, a criminal history of William Drake, and the Cook County, Illinois, arrest warrant which identified the defendant by the name Gregory Ozier.  The defendant refused to consent to the transfer and, after the trial court entered an order of custody, filed

a notice of appeal and submitted an affidavit declaring that he would not file either a transcript or a statement of the evidence.

In this appeal, the defendant complains that the evidence presented by the State of Illinois was insufficient to establish that he was the individual charged with the murder. The defendant argues that the state had neither provided proof that the fingerprints in the record were his nor established that he had used the name William Drake or any other alias. The defendant also asserts that the trial court failed to comply with Tennessee Code Annotated section 40-9-112(1), the Uniform Criminal Extradition Act, which requires Illinois to have shown that "the accused was present in the demanding state at the time of the commission of the alleged crime, and thereafter fled from the state." See also de la Beckwith v. Evatt, 819 S.W.2d 453 (Tenn. Crim. App. 1991). He contends that the information provided by Illinois indicates that he was in Wisconsin at the time of the crime.

Initially, it is the duty of the appellant to prepare an adequate record on appeal. Tenn. R. App. P. 24(b). The state claims that the inadequacy of this record and the failure to include a transcript precludes consideration of the issue. See State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993).

This court addressed a similar issue in State v. Day, 882 S.W.2d 409 (Tenn. Crim. App. 1994). Day, who was charged with first degree murder in Arizona, complained that the trial court had insufficient identifying information to order transfer pursuant to the Interstate Compact on Detainers. As in this case, Day chose to rely exclusively on the documents furnished by Arizona to support his claim that the identification was inadequate. Concluding that the defendant had the burden to establish that he was not the person sought, this court affirmed the order of transfer.

The Interstate Compact on Detainers, codified at Tennessee Code Annotated sections 41-23-101 to -209, has as its primary purpose to provide cooperative procedures among the states for the expeditious and orderly disposition of charges against a prisoner. Dillon v. State, 844 S.W.2d 139 (Tenn. 1992). The compact seeks to ensure that detainers are filed only when substantial grounds exist for bringing a prisoner of this state to trial in another jurisdiction. State v. Hill, 875 S.W.2d 278 (Tenn. Crim. App. 1993). The procedure results in only a temporary transfer. State ex rel. Young v. Rose, 670 S.W.2d 238 (Tenn. Crim. App. 1984).

Extradition, an entirely different procedure than detainer, is governed by Tennessee Code Annotated section 40-9-101, the Uniform Criminal Extradition Act. It applies to "any person within the state" who is charged in another state. Tenn. Code Ann. § 40-9-103. The extradition procedure provides a means by which individuals in this state may be arrested and lawfully transported to another state; typically, one charged with a crime in one state who has fled to this state but is not yet in custody is subject to extradition. State ex rel. Lea v. Brown, 166 Tenn. 69, 64 S.W.2d 841 (1933). Because the defendant is a prisoner and subject to the Interstate Compact on Detainers, the provisions of Tennessee Code Annotated sections 40-9-101 to -130, do not, as argued by the defendant, apply.

As indicated, under the Interstate Compact on Detainers, the prisoner, not the state seeking his presence, has the burden of proving beyond a reasonable doubt that he is not the individual sought. State ex rel. Johnson v. Turner, 207 Tenn. 93, 96, 338 S.W.2d 558, 559 (1960); State v. Whitt, 753 S.W.2d 369, 370 (Tenn. Crim. App. 1988). The defendant did not meet that burden in this instance. Thus, the State of Illinois is entitled to the transfer of custody.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE