IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. CHRISTOPHER MICHAEL SCHMIDT

Appeal from the  Circuit Court for Hardeman County
No. 9638   Jon K. Blackwood, Judge

No. W2003-02121-CCA-R3-CD  - Filed March 15, 2004

This matter is before the Court upon the State's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Appellant, Christopher Michael Schmidt, appeals the trial court's denial of a writ of habeas corpus.  The only issue for this Court's review is whether the trial court committed error by its order of transfer of the Appellant to the temporary custody of the State of Delaware.  Finding no error committed by the trial court, this Court concludes that the judgment of the trial court should be affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ. joined.

Didi Christie, Brownsville, Tennessee, for appellant, Christopher Michael Schmidt.

Paul G. Summers, Attorney General & Reporter; Elizabeth Bingham Marney, Assistant Attorney General, for the appellee, State of  Tennessee.

## MEMORANDUM OPINION

Appellant Christopher Michael Schmidt, an inmate at the Hardeman County Correctional Facility, appeals the order of the Hardeman County Circuit Court transferring his custody to the proper officials of New Castle County, Delaware, to stand trial for the offenses of burglary, theft, criminal mischief, forgery, unlawful use of a credit card, conspiracy, and other charges allegedly occurring within the jurisdiction of New Castle County, Delaware.

On May 22, 2003, pursuant to the Interstate Agreement on Detainers, the State of Delaware sent an Agreement on Detainers-Form V to the Warden of the Hardeman County Correctional Facility, advising that Inmate Christopher Schmidt is charged with numerous criminal offenses in the State of Delaware and requesting temporary custody of Inmate Christopher Schmidt for proceedings stemming from these numerous charges.  *See generally*

Tenn. Code Ann. § 40-31-101. Subsequently, on June 4, 2003, Christopher Schmidt refused to waive extradition and sought habeas corpus relief. A hearing was conducted on July 18, 2003.

At the hearing, Allison Haggard, the program manager at the Hardeman County Correctional Facility, testified that the facility had received a request for temporary custody of Christopher Michael Schmidt from the State of Delaware and that the request contained information correctly identifying Christopher Michael Schmidt. Identification of Appellant Schmidt was made pursuant to inmate number, photo identification, and fingerprint identification. Christopher Michael Schmidt testified that he was arrested on December 8, 2001, in Jackson, Tennessee for aggravated carjacking , aggravated kidnapping, and especially aggravated assault. He was ultimately convicted of these charges and is presently serving a nine year sentence in the Tennessee Department of Correction. Appellant conceded that he was aware that Delaware had a detainer on him in July 2002. He further stated that he believed that the Delaware charges had been dismissed because the "180 days had passed." Appellant Schmidt stated that he is resisting the present extradition because Delaware had the opportunity to take him into custody previously and did not. At the conclusion of the hearing, the trial court ordered Appellant Schmidt to be transferred back to Delaware.

In a habeas proceeding contesting transfer to the requesting state, the trial court must make a two prong inquiry. First, it must determine that the state demanding custody of the inmate has presented the proper paperwork. *See State v. Whitt*, 753 S.W.2d 369, 370 (Tenn. Crim. App. 1988). Secondly, the court must conclude that the inmate is the same individual identified by the charging instruments. *Id.* (citing *State ex rel. Jones v. Gann*, 584 S.W.2d 235 (Tenn. Crim. App. 1979)(citing *Michigan v. Doran*, 439 U.S. 282, 99 S. Ct. 530 (1978)); *see also Elliott v. Johnson*, 816 S.W.2d 332, 337 (Tenn. Crim. App. 1991). Appellant Schmidt does not contest the propriety of the paperwork nor his identity. Rather, he contends that he had the right to be brought to trial within 180 days "after having caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of the person's imprisonment and request for a final disposition to be made of the indictment or complaint. . . ." Tenn. Code Ann. § 40-31-101. Other than his assertion that such prior request was made, the record contains no evidence that Appellant Schmidt ever triggered the running of the 180 days by requesting final disposition of the pending charges in Delaware. A person attempting to defeat the transfer of custody has the burden of proving his contentions beyond a reasonable doubt. *Whitt*, 753 S.W.2d at 370 (citing *State v. Lann*, 567 S.W.2d 772, 774-775 (Tenn. Crim. App. 1978)). Appellant Schmidt has not met this burden.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE