# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### MICHAEL WILSEY  v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 280499      Barry A. Steelman, Judge**

**No. E2011-01598-CCA-R3-HC - Filed February 8, 2012**

The petitioner, Michael Wilsey, appeals the denial of his petition for writ of habeas corpus challenging his detention via rendition warrant, and the State moves this court to summarily affirm the denial via Rule 20 of the Rules of the Tennessee Court of Criminal Appeals .The State's motion is well taken, and accordingly, the denial of habeas corpus relief is affirmed pursuant to Rule 20.  Additionally, the petitioner's request for bond pursuant to Rule 8 of the Tennessee Rules of Appellate Procedure is denied.

**Tenn. R. App. P. 3, 8; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JJ., joined.

Michael Donald Wilsey, pro se (on appeal); and Mary Sullivan Moore, Chattanooga, Tennessee (at trial).

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; R. Steven Bebb, District Attorney General; and Lance Pope, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 21, 2011, the petitioner was arrested via a fugitive warrant issued in this state at the request of the governor of South Carolina.  The petitioner was released on bond on June 7, 2011, but taken back into custody several days later after the governor of Tennessee issued a rendition warrant.  Prior to the issuance of the rendition warrant, the petitioner filed a petition for writ of habeas corpus challenging the failure to issue a rendition warrant within a reasonable time after the fugitive warrant and the failure of the trial court to conduct a preliminary hearing within 10 days as required by Tennessee Rule of Criminal

Procedure 5.

The hearing on the petition for writ of habeas corpus was conducted on June 27 and July 7, 2011. At the hearing, the petitioner challenged the validity of the rendition warrant, arguing that he was not the person named in the warrant and that he had not been charged with a crime in South Carolina.[1] The petitioner claimed to be a "foreign minister" for some other "sovereign on the soil" not subject to the jurisdiction of state courts or law enforcement but subject to "not one but two foreign superior venue jurisdictions through being a tribe." Apparently, the petitioner and other members of the "Assembly of the United States AD 1791" attempted to expatriate themselves from the United States by using the terms of the Expatriation Act of 1868. The petitioner also asserted his membership in the "Pembina Nation, Little Shell Band" as proof of his sovereignty. These facts, he argued, established that he was not a "person" as defined by the law and could not, therefore, be the "person" named in the rendition warrant. In addition to this argument, the petitioner testified that his name was "Reverend Michael Donald of the family Wilsey," which he claimed was "different from the legal name Michael Donald Wilsey under statutory definitions." Thus, he claimed that he was not the "Michael Donald Wilsey" named in the warrant.

The State presented as exhibits the rendition warrant, the original arrest warrants, the South Carolina indictment charging the petitioner with criminal conspiracy, the petitioner's fingerprints, and a photograph of the petitioner provided by the state of South Carolina.

The habeas corpus court found that the rendition warrant was valid on its face, that the petitioner had been charged with crime in South Carolina, that the petitioner was a fugitive from justice, and that the petitioner was the person named in the request for extradition as evidenced by the photograph presented by the State. Accordingly, the court denied the petition for writ of habeas corpus.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

We consider the petitioner's claim with a few well-settled principles in mind. "Extradition proceedings are, and have always been, summary proceedings of a civil nature

---

[1]The claims as presented at the hearing differed from those presented in the petition for writ of habeas corpus.

designed to test whether the rendition warrant, the legal process issued by the governor of the asylum state which mandates that the defendant be arrested and turned over to agents of the demanding state, is valid." *State ex rel. Sneed v. Long*, 871 S.W.2d 148, 150 (Tenn. 1994) (citing T.C.A. § 40-9-119; *South Carolina v. Bailey*, 289 U.S. 412 (1933); *Biddinger v. Commissioner of Police*, 245 U.S. 128 (1917); *United States ex rel. Vitiello v. Flood*, 374 F.2d 554 (2d. Cir. 1967)). To this end, a reviewing court need only determine: "1) whether the extradition documents are valid on their face; 2) whether the petitioner has been substantially charged with a crime in the demanding state; 3) whether the petitioner is the person named in the request for extradition; and 4) whether the petitioner is a fugitive from justice." *Id.* (citing *Michigan v. Doran*, 439 U.S. 282 (1978); *State ex rel. Price v. Evatt*, 688 S.W.2d 97, 98 (Tenn. Crim. App. 1983)).

Here, the habeas corpus court, after reviewing the extradition documents presented by the State, answered each inquiry in the affirmative. Following our own review, we agree with the decision of the habeas corpus court. The petitioner's challenges to his personhood and sovereignty may be ripe for argument in the demanding state, *see id.* at 151, but are irrelevant in this extradition proceeding. Accordingly, the judgment of the habeas corpus court is affirmed.

Finally, the petitioner has filed in this court a motion to be admitted to bond pending appeal. The petitioner is not entitled to bail following his arrest pursuant to a rendition warrant. *See Mandina v. State*, 749 S.W.2d 472, 474 (Tenn. Crim. App. 1985) (citing T.C.A. 40-9-106; -108). Moreover, the petitioner is not entitled to bail following the denial of habeas corpus relief. *See State ex rel. Brown v. Newell*, 391 S.W.2d 667, 671 (Tenn. 1965) ("[W]here the petition for habeas corpus is dismissed and the prisoner remanded, we should not admit to bail pending an appeal."). Accordingly, the petitioner's request for bond pending appeal is denied.

_____
JAMES CURWOOD WITT, JR., JUDGE