IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2013

**STATE OF TENNESSEE v. ARCHIE TYRONE WILSON**

**Appeal from the Circuit Court for Lake County**
**No. 12CV9758     R. Lee Moore, Jr., Judge**

---

**No. W2012-02559-CCA-R3-CD  - Filed December 18, 2013**

---

Appellant, Archie Tyrone Wilson, was in custody in the State of Tennessee.  In July 2012, the State of Florida submitted a request under the Interstate Compact on Detainers for custody of Appellant in connection with a charge of sexual battery.  Appellant requested a hearing.  At the conclusion of the hearing, the trial court ordered his transfer to Florida for prosecution.  On appeal, Appellant argues that the trial court erred.  After a thorough review of the record on appeal, we conclude that the trial court did not err.  Therefore, we affirm the trial court's order of transfer.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Timothy Boxx, Assistant District Public Defender, Dyersburg, Tennessee, for appellant, Archie Tyrone Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Phillip Bivens, District Attorney General, and Lance Webb, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Appellant was being held in custody at the Northwest Correctional Complex in Tiptonville, Tennessee. On July 23, 2012, the facility received a written request from Florida to receive temporary custody of Appellant in regards to charges of sexual battery. The request included a copy of a Florida driver's license with Appellant's photograph; certified copies of the indictments listing Appellant, including his date of birth and social security number; and fingerprint cards for a person identified by Appellant's name. Appellant requested an extradition hearing.

The hearing was held on October 22, 2012. The State introduced identifying information, including Appellant's photograph, his name, date of birth, and social security number. Appellant testified and stated that the victim did not know who he was and that the officers from Florida beat him to obtain evidence from him. On cross-examination, Appellant admitted that the State's evidence properly identified him. At the conclusion of the hearing, the trial court made the following findings and conclusion:

> All right, gentlemen, the State has made out it[s] prima facie case as far as identification is concerned. There's not any defense proof to rebut that. [Appellant], those claims, those issues that you have mentioned are not issues that are properly for consideration on an extradition hearing. Those issues are issues that you need to discuss with your attorney once you've been extradited.
>
> But right now, the issue is proper identification. You have admitted all that yourself. So, the extradition will be allowed.

Appellant appeals from this decision.

## **ANALYSIS**

On appeal, Appellant argues that the trial court erred in ordering his extradition because the Florida "detectives beat him and illegally obtained a DNA sample while he was in jail in Nashville." The State maintains that Appellant failed to adduce proof requiring a denial of the extradition request.

The Interstate Compact on Detainers is an agreement among the states, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States, *see Carchman v. Nash*,

473 U.S. 716, 719 (1985), which, through "cooperative procedures," seeks to "encourage the expeditious and orderly disposition of . . . charges [outstanding against a prisoner] and determination of the proper status of any and all detainers based on untried indictments, informations or complaints." T.C.A. § 40-31-101, art. I.

When an individual contests his transfer under the Interstate Compact on Detainers, the trial court must determine that the state demanding custody has presented the proper paperwork, and that the inmate is the same individual identified by the charging instruments. *State v. Whitt*, 753 S.W.2d 369, 370 (Tenn. Crim. App. 1988). When objecting to the identification, the prisoner has the burden of proving beyond a reasonable doubt that he is not the individual sought. *State ex rel. Johnson v. Turner*, 338 S.W.2d 558, 559 (Tenn. 1960); *Whitt*, 753 S.W.2d at 370.

In this case, Appellant has not challenged the paperwork submitted by the State of Florida. Appellant testified that the victim did not know him and that his rights were violated when his DNA was obtained. As stated above, there are only two issues in a transfer contest hearing: the paperwork and the identification. Appellant did not deny that the items presented by the State identified him as the person sought by the State of Florida. Therefore, he did not meet his burden to prove that he was not the person identified. Furthermore, Appellant's argument that his rights were violated was not a proper issue for the hearing in Tennessee. *State ex rel. Sneed v. Long*, 871 S.W.2d 148, 151-52 (Tenn. 1994).

Therefore, the trial court did not err in ordering Appellant's extradition to Florida.

## CONCLUSION

For the forgoing reasons, we affirm the decision of the trial court.

_____

JERRY L. SMITH, JUDGE