IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 7, 2001 Session

## QUINCY BLEDSOE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4480      Jon Kerry Blackwood, Judge**

---

**No. W2000-02701-CCA-R3-PC - Filed September 14, 2001**

---

The Appellant, Quincy Bledsoe, appeals from the dismissal of his petition for post-conviction relief by the Fayette County Circuit Court. In 1997, Bledsoe pled guilty to aggravated kidnapping and attempted felony escape and received an effective nine-year Department of Correction sentence as a violent offender. On appeal, Bledsoe seeks to set aside his convictions upon grounds that his pleas were "based upon an uncounseled statement that was not knowingly and voluntarily given." Finding this issue without merit, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Alan B. Chambers, Memphis, Tennessee, for the Appellant, Quincy Bledsoe.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin Campbell, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On March 21, 1997, the Appellant, age sixteen, was an inmate at the Wilder Youth Development Center in Fayette County. On this date, the Appellant and two co-defendants "were in an exercise yard with other inmates [when] a security guard was assaulted, handcuffed, and imprisoned in a small room while the [Appellant and his co-defendants] endeavored to escape."

On the morning of his scheduled trial, the Appellant pled guilty under the terms of a negotiated plea agreement to one count of aggravated kidnapping of the security guard with the

intent to interfere with performance of her governmental function, Tenn. Code Ann. § 39-13-304(a)(2), and to one count of attempted felony escape, Tenn. Code Ann. § 39-16-605. The remaining charges were dismissed.

On November 29, 1999, the Appellant timely filed a petition for post-conviction relief upon several grounds, including a challenge to the validity of an incriminating statement which he provided to the Tennessee Bureau of Investigation. Specifically, he asserted that he was deprived of his right to remain silent and "was deprived of his right to parental advice at the time he was interrogated." As such, he avers that his statement to the TBI was the product of coercion and the "subsequent proceedings were poisoned by the nature of the statement." The Appellant's grandfather testified at the post-conviction hearing that he was denied permission to see his grandson, and, if he could have spoken with him, he would have "told him to remain silent until he could talk to a lawyer." With regard to the challenged statement to the TBI, the Appellant acknowledged that he was provided *Miranda* rights and that he signed a written form waiving those rights. Additionally, the Appellant acknowledged that he signed the four-page statement which he provided to the TBI. At the hearing, the Appellant also admitted that the contents of his statement were correct. Appellant's counsel at trial testified that he specifically discussed with the Appellant the circumstances under which the statement was obtained and saw no grounds to support its suppression. Counsel also related that the Appellant never disputed the truthfulness of his statement and that it was counsel's "understanding [the Appellant] gave the statement because he wanted to cooperate." At the conclusion of the hearing, the post-conviction court found the Appellant's statement voluntary and dismissed the petition.

## ANALYSIS

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderated against the judgment. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This court may not reweigh or re-evaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Id. Further, questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. Id. On appeal, the Appellant raises one issue for our review: "whether post-conviction relief should have been granted because appellant's guilty plea was based upon an uncounseled statement that was not knowingly and voluntarily given." We find the Appellant's argument flawed.[1] First, it is important to note that the issue presented by the Appellant

[1]In view of our holding, we find it unnecessary to address the merits of the Appellant's claim that his "uncounseled" statement was not voluntary. We note, however, that the Fifth Amendment neither prohibits a volunteered "uncounseled" statement to the police nor a statement volunteered after counsel is waived. Moreover, the voluntariness of a juvenile's waiver of his Fifth Amendment rights is determined under a totality-of-the-circumstances
(continued...)

does not address the voluntariness of the guilty plea but, rather, the voluntariness of a statement obtained during the investigation of the case. Even if the Appellant's statement was involuntary, this would not void his convictions as the "error complained of [was] waived as a matter of law by the plea of guilty." See Tenn. R. Crim. P. 37(b)(2)(iii). Although a guilty plea with an agreed sentence, as in this case, may not generally be directly appealed, it is subject to collateral attack within the post-conviction context if the guilty plea itself resulted from the infringement of a constitutional right. Tenn. Code Ann. § 40-30 -203.[2] The established test for determining the validity of the guilty plea is, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56, 106 S. Ct. 366, 369 (citing North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). In this case, the Appellant's argument focuses almost entirely upon the Appellant's alleged involuntary confession with a minimal, at best, argument as to its causal effect upon the voluntariness of his guilty pleas. Nonetheless, we proceed to review the voluntariness of his pleas.

## A. Res Judicata

Initially, we note that this appeal represents the Appellant's second appeal to this court. On November 13, 1997, one day following the Appellant's plea of guilty, the Appellant moved to withdraw his guilty plea. Within this context, the Appellant challenged the voluntariness of his guilty plea upon the factual grounds that his trial counsel failed to advise him of the possibility of convictions at trial of lesser-included offenses. A hearing was held in the trial court at which time the Appellant's motion to withdraw his guilty pleas was denied. The trial court's findings are noted as follows:

> [p]rior to the acceptance of the plea, the defendant was thoroughly questioned regarding the voluntariness of his plea. At no time during the colloquy with the Court did the defendant express any dissatisfaction with [his attorney] nor any hesitation or reluctance to enter a plea. . . .The court finds that the defendant's plea in this case was knowing, voluntary, intelligent and voluntary.

On appeal, this court affirmed the judgment of the trial court denying the Appellant's motion to withdraw his pleas. A panel of this court found "no basis to conclude that the trial judge abused his discretion in finding that the appellant's guilty plea was knowing, intelligent, and voluntary, and that no 'fair and just reason' exist[ed] to permit the plea's withdrawal." State v. Bledsoe, No. 02C01-

---

[1](...continued)
test and the voluntariness of such statement is not necessarily dependent upon the presence of a paren t or guard ian. State v. Callahan, 979 S.W.2d 577 (T enn. 1998).

[2]We acknowledge that a direct appeal of a guilty plea is available when challenged upon jurisdictional grounds or when the voluntariness of the plea is in question.

9712-CC-00491 (Tenn. Crim. App. at Jackson, Jan. 26, 1999), *perm. to appeal denied*, (Tenn. July 6, 1999).

The Appellant again challenges the voluntariness of his guilty plea but, on this occasion, upon differing factual grounds, arguing that his "uncounseled" statement to the police was coerced and his subsequent guilty pleas "were poisoned by the nature of the statement."

Tenn. Code Ann. §§ 40-30-204(e), -206(f), (g), (h) (1997), are statutory modifications of the common law principles of *res judicata.* Section 204(e) in pertinent part, states, *"*[t]he petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. . . . Tenn. Code Ann. § 40-30-204(e) (1997). Sections 206(f), (g), (h), in pertinent part, state,

> (f)[u]pon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. . . .
> (g)[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented, unless: (1) [t]he claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or (2) [t]he failure to present the ground was a result of state action in violation of the federal or state constitution.
> (h)[a] ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence. Tenn. Code Ann. § 40-30-206(f), (g), (h) (1997).

*Res Judicata* bars a second suit between the same parties with respect not only to all issues raised in the former suit, but with respect to all issues which could have been raised. Bates v. State, No. 03C01-9208-CR-00279 (Tenn. Crim. App. at Knoxville, May 6, 1993), *perm. to app. denied,* (Tenn. Nov. 1, 1993) (citing Massengill v. Scott, 738 S.W.2d 629 (Tenn. 1987)). Collateral estoppel bars a second suit between the same parties on different theories as to those issues determined in the former suit. Id. Together, the two doctrines bar second suits between the same parties . . . which raise issues which could have been raised in the former suit . . . or issues which were determined in the former suit. Id; *see also* Arthur v. State, 483 S.W.2d 95, 97 (Tenn. 1972), Morgan v. State, 445 S.W.2d 477, 478 (Tenn. Crim. App. 1969), Phillips v. State, 458 S.W.2d 642, 644 (Tenn. Crim. App. 1970), Nelson v. State, 470 S.W.2d 32, 34 (Tenn. Crim. App. 1971). These sections incorporate *res judicata* principles but remove their effect in cases where waiver is justified. *See* Tenn. Code. Ann. § 40-30-206(g) (1997).

We conclude that the Appellant's argument of voluntariness of his pleas is barred by principles of *res judicata* and, therefore, the petition should be dismissed. *See* Tenn. Code Ann. § 40-30-206(f) (1997). The Appellant's post-conviction petition raises issues which could have been raised in the direct appeal of his motion to withdraw his guilty plea or issues which were determined on the direct appeal. Furthermore, waiver of *res judicata* principles is not applicable to this case.

## CONCLUSION

Based upon the foregoing, we find that our review of the issue raised by the Appellant is barred by principles of *res judicata.* Accordingly, the judgment of the post-conviction court is affirmed.

_____
DAVID G. HAYES, JUDGE